IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. 23-CV- |
| v. | ) ) ) | C O M P L A I N T |
| UNITED PARCEL SERVICE, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) ) ) | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to a group of aggrieved individuals who were adversely affected by such practices ("Aggrieved Individuals").

As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant United Parcel Services ("UPS") violated the Americans with Disabilities Act from 2019 to the present when it failed to consider and select qualified individuals who are deaf or hearing impaired and who applied for or were deterred from applying for positions as drivers of vehicles regulated by the Department of Transportation ("DOT") because of their disability, failed to provide them reasonable accommodations and maintained a qualification standard that screens out a class of individuals with a disability.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division and elsewhere where UPS does business in the United States.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, UPS has continuously been a corporation doing business in the State of Illinois and the city of Chicago and has continuously had at least 15 employees.

5. At all relevant times, UPS has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, UPS has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, EEOC Charge Nos. 443-2020-01654, 440-2021-01587, 511-2021-01638, and 493-2021-01647 were filed with the Commission alleging violations of Title I of the ADA by UPS.

8. On July 5, 2022, July 11, 2022, and February 14, 2023, the Commission issued to UPS Letters of Determination on the above-referenced charges finding reasonable cause to believe that the ADA was violated.

9. The Commission invited UPS to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with UPS to provide it the opportunity to remedy the discriminatory practices described in the Letters of Determination.

11. The Commission was unable to secure from UPS a conciliation agreement acceptable to the Commission.

12. On August 10, 2022, and August 18, 2023, the Commission issued to UPS Notices of Failure of Conciliation on the above-noted charges.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14. The Aggrieved Individuals all have an impairment, deafness or reduced hearing, that substantially limits the major life activities of hearing and communicating.

15. The Aggrieved Individuals all obtained a DOT medical card, which is required in order for them to operate commercial motor vehicles weighing 10,000 pounds or more in interstate commerce.

16. DOT regulations prohibit an individual who does not pass the hearing test contained in the regulations (commonly referred to as "the whisper test") from operating certain commercial motor vehicles in interstate commerce unless that individual receives an exemption provided by the DOT. 39 C.F.R. §§ 391.41(a)(1), 391.41(b)(11).

17. The Aggrieved Individuals all obtained from the DOT Federal Motor Carrier Safety Administration ("FMCSA") an exemption from the whisper test for the operation of certain commercial motor vehicles ("hearing exemption"). A DOT medical card accompanied by a hearing exemption physically qualifies an individual to drive DOT-regulated motor vehicles according to the DOT.

18. DOT grants exemptions to the hearing requirements contained in the regulations to persons for whom it makes an individualized determination that the individual can safely operate a commercial motor vehicle.

19. In granting a hearing exemption, DOT makes a finding in the Federal Register that an individual will maintain a level of safety equivalent to, or greater than, the level achieved by persons not needing an exemption.

20. Before granting a hearing exemption, DOT prepares a Federal Register notice requesting public comment on the application for exemption.

21. Since October 2019, UPS has maintained a written policy against hiring any person with a DOT hearing exemption as a driver of a DOT-regulated vehicle.

22. The Aggrieved Individuals all applied for or were deterred from applying for, positions with UPS driving DOT-regulated vehicles from October 2019 to the present.

23. Consistent with its policy, UPS refused to consider or hire the Aggrieved Individuals who obtained DOT hearing exemptions because their disabilities prevented them from passing "the whisper test."

24. The Aggrieved Individuals could have completed the application, hiring and/or training process and performed the essential functions of the driver positions at issue with reasonable accommodations, including, but not necessarily limited to the use of sign language interpreters and allowing communication via writing, texts, and gestures.

## STATEMENT OF CLAIMS

### COUNT I

**ADA – Failure to Hire/Promote in Violation
of 42 U.S.C. §§ 12112(b)(1) and 12112(b)(5)(B)**

25. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

26. The Aggrieved Individuals are qualified individuals with disabilities as defined by the ADA.

27. The Aggrieved Individuals are able to complete the hiring process and perform the essential functions of the driver positions for which they applied with or without reasonable accommodations.

28. UPS failed to hire and/or promote the Aggrieved Individuals into driver positions of DOT-regulated trucks because of their disability and/or need for accommodation in violation of 42 U.S.C. § 12112(b)(1) and § 12112(b)(5)(B).

29. The effect of the practices complained of in this count has been to deprive Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

30. The unlawful employment practices complained of in this count were intentional.

31. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

## COUNT II

### ADA – Failure to Reasonably Accommodate in Violation of
### 42 U.S.C. § 12112(b)(5)(A)

32. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

33. UPS was aware of the disabilities of the Aggrieved Individuals and their need for accommodation.

34. UPS failed to engage in an interactive process to identify potential accommodations.

35. UPS violated 42 U.S.C. § 12112(b)(5)(A) when it failed to provide reasonable accommodations to the Aggrieved Individuals that would have allowed them to complete the hiring process and/or perform the essential functions of driving DOT-regulated vehicles.

36. The effect of the practices complained of in this count has been to deprive Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

37. The unlawful employment practices complained of in this count were intentional.

38. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

## COUNT III

### ADA – Illegal Qualification Standard in Violation
### of 42 U.S.C. § 12112(b)(6)

39. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

40. UPS's written policy against hiring any person with a DOT hearing exemption as a driver of a DOT-regulated vehicle screens out a class of individuals who are deaf or hearing-impaired.

41. UPS's policy provided for no individualized consideration of whether an applicant with a hearing exemption posed a health or safety threat in performing a driving job.

42. UPS's policy is an illegal qualification standard in violation of 42 U.S.C. § 12112(b)(6).

43. The effect of the employment practices complained of in this count has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

44. The unlawful employment practices complained of in this count were intentional.

45. The unlawful employment practices complained of in in this count were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that UPS's policy against hiring any person with a DOT hearing exemption as a driver of a DOT-regulated vehicle violates 42 U.S.C. § 12112(b)(6).

B. Grant a permanent injunction enjoining UPS, its officers, agents, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

C. Order UPS to institute and carry out policies, practices, and programs, which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order UPS to make the Aggrieved Individuals whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order UPS to make the Aggrieved Individuals whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the foregoing paragraphs in amounts to be determined at trial.

F. Order UPS to make the Aggrieved Individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the foregoing paragraphs including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order UPS to pay the Aggrieved Individuals punitive damages for its malicious and reckless conduct, as described in in the foregoing paragraphs, in amounts to be determined at trial.

H.        Order UPS to make the Aggrieved Individuals whole through instatement (with full benefits and seniority) into the positions they applied for or were deterred from applying for with UPS.

I.        Grant such further relief as the Court deems necessary and proper in the public interest.

J.        Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated: September 22, 2023

GWENDOLYN YOUNG REAMS
Acting General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

Regional Attorney
Gregory Gochanour

Assistant Regional Attorney
Justin Mulaire


Laurie S. Elkin
Trial Attorney
Laurie Elkin

U.S. Equal Employment
 Opportunity Commission
Chicago District Office
230 S. Dearborn St. Ste 2920
Chicago, Illinois 60304
(312) 872-9708
Laurie.Elkin@eeoc.gov