IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff <br> v. <br><br> UNITED PARCEL SERVICE <br><br> Defendant. | Case No. 1:23-cv-14021 <br><br> Judge Chang |

**AMENDED UNOPPOSED MOTION TO INTERVENE UNDER FED. R. CIV. P. 24(a)**

Plaintiff-Intervenor Kurt Bernabei (Bernabei), by counsel, moves to intervene in the present matter under Fed. R. Civ. P. 24(a) and in support hereof states as follows.

1. The instant lawsuit is a complaint filed by the Equal Employment Opportunity Commission (EEOC) against United Parcel Service (UPS) alleging unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., filed September 22, 2023. One of the persons aggrieved who is identified in the Complaint by their charge number in ¶ 7 (440-2021-01587) is the proposed Plaintiff-Intervenor Bernabei.

2. Rule 24(a) states that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

3. The ADA, via 42 U.S.C. § 12117(a) (adopting by reference 42 U.S.C. § 2000e-5(f)(1)) provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission." This section is judicially interpreted to provide an unconditional right by a Plaintiff-Intervenor such as Bernabei to intervene in an EEOC action where they filed a charge that resulted in the cause of action. *General Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 326 (1980) (§ 2000e-5(f)(1) allows any aggrieved party to intervene

when the EEOC files suit); *EEOC v. Comprehensive Behavioral Health Center of St. Clair Cnty., Inc.*, No. 12–CV–1031–WDS, 2012 WL 6737494, *1 (S.D. Ill. Dec. 28, 2012) (same).

4. A pleading that sets out the claim for which intervention is sought, as provided by Fed. R. Civ. P. 24(c), is attached hereto.

5. The parties to this case have been notified and do not oppose the motion.

For the above stated reasons, we request that intervention be granted.

Dated: October 30, 2023                    Respectfully submitted,

                                                                                                           KURT BERNABEI

                                                                                                           By: _____/s/ Paul W. Mollica_____
                                                                                                                One of His Attorneys

                                                                                                     Paul W. Mollica (paulm@equipforequality.org)
                                                                                                     EQUIP FOR EQUALITY
                                                                                                     20 North Michigan Avenue, Suite 300
                                                                                                     Chicago, Illinois 60602
                                                                                                     Ph. (312) 341-0022 (direct (312) 895-7350)
                                                                               *Counsel for Plaintiff-Intervenor*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff | ) Case No. 1:23-cv-14021<br>)<br>) |
| v. | )<br>) Judge Chang |
| UNITED PARCEL SERVICE, | )<br>) JURY TRIAL DEMANDED |
| Defendant | )<br>) |
| ================== | )<br>) |
| KURT BERNABEI, | )<br>) |
| Plaintiff-Intervenor. | ) |

**COMPLAINT OF PLAINTIFF-INTERVENOR KURT BERNABEI**

Plaintiff-Intervenor Kurt Bernabei (Bernabei), by counsel, complains as follows:

1. This complaint is filed to intervene Bernabei as a plaintiff in the action commenced by the Equal Employment Opportunity Commission (EEOC) against United Parcel Service (UPS) alleging unlawful employment practices in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. (*EEOC v. UPS*, 1:23-cv-14021 (N.D. Ill., filed 09/22/23)). As a person aggrieved, Bernabei has an unconditional right to intervene. 42 U.S.C. § 12117(a) (adopting by reference 42 U.S.C. § 2000e-5(f)(1)); Fed. R. Civ. P. 24(a).

2. Plaintiff-Intervenor Bernabei joins the EEOC's challenge to UPS's discrimination against otherwise-qualified hard of hearing and Deaf candidates who want to work as interstate commercial motor vehicle (CMV) drivers. Despite their earning federal exemptions from U.S. Department of Transportation (DOT) hearing standards through a rigorous program, UPS declares that they are unqualified to drive because of their disability. UPS is not (as it claims) opting out of an "experimental" or "pilot" program. It is dishonoring a federal regulatory framework that has determined—after notice-and-comment rulemaking—that Kurt

Bernabei and hundreds of other deaf and hard of hearing drivers achieve a level of safety equivalent to, or greater than, the level that would be achieved by complying with the hearing standards. UPS is simply trying to pick and choose the rules that it wishes to follow.

## JURISDICTION AND VENUE

3. Jurisdiction is invoked under 28 U.S.C. § 1331, 1337(a), 1343, and 42 U.S.C. § 12117(a) (adopting by reference 42 U.S.C. § 2000e-5(f)(3)). This action is brought pursuant to the ADA and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. Venue is in this Court because this is the judicial district in which the unlawful employment practice is alleged to have been committed, the employment records relevant to such practice are maintained and administered, and the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 12117(a) (adopting by reference 42 U.S.C. § 2000e-5(f)(3)).

## PARTIES

5. Plaintiff-Intervenor was an employee of UPS. 42 U.S.C. § 12111(4). He is Deaf and thus has a physical or mental impairment that substantially limits one or more major life activities of such individual, i.e., hearing. *Id.* §§ 12102(1), (2)(a). He is an otherwise qualified individual with a disability who is an applicant or employee of Defendant UPS. *Id.* § 12111(8).

6. Plaintiff-Intervenor filed a timely charge against UPS with the EEOC on December 17, 2020. The EEOC issued a reasonable cause determination (also known as a Letter of Determination) on July 5, 2022.

7. Defendant UPS is a corporation doing business in the State of Illinois (including this judicial district) and has continuously employed 500 or more employees. It is an employer engaged in an industry affecting interstate commerce. 42 U.S.C. §§ 12111(5). It is a covered entity under the ADA. *Id.* § 12111(2).

## FACTS COMMON TO ALL CLAIMS

8. DOT regulations prohibit an individual who does not pass the hearing test contained in the regulations (commonly referred to as "the whisper test") from operating certain commercial motor vehicles (CMV) in interstate commerce unless that individual receives an exemption provided by the DOT. 49 C.F.R. §§ 391.41(a)(1), (b)(11).

9. Under a program authorized a decade ago by the Federal Motor Carrier Safety Administration (FMCSA), the agency annually grants up to forty exemptions from the hearing standard for CMV drivers found at 49 C.F.R. § 391.41(b)(11). The exemptions are authorized by statutory federal law. 49 U.S.C. §§ 31315(b); 31136(e); 78 Fed. Reg. 7479 (Feb. 1, 2013).

10. The requirements for obtaining an exemption are demanding. To process an application, the FMCSA must evaluate the applicant's medical, driving history, and other driver information and (under 49 C.F.R. § 31315(b)) publish a Federal Register notice requesting public comment on each personal application for an exemption. The public has thirty days to comment, and the FMCSA must consider and respond to all comments received when making a final determination whether to grant or deny the exemption.

11. Moreover, the exemption will be revoked if "(1) [t]he person fails to comply with the terms and conditions of the exemption; (2) the exemption has resulted in a lower level of safety than was maintained prior to being granted; or (3) continuation of the exemption would not be consistent with the goals and objectives of 49 U.S.C. [§] 31136(e) and 31315(b)." 49 U.S.C. §§ 31315(b)(4).

12. It can cost deaf people thousands of dollars (for Bernabei, $4,000, underwritten by the Illinois Department of Rehabilitation Services) to attend the required trucking-school course, take the DMV written tests, and miss time from work to qualify for an exemption.

13. Plaintiff-Intervenor obtained a DOT medical card, which is required for him to operate commercial motor vehicles weighing 10,000 pounds or more in interstate commerce. On October 10, 2019, Plaintiff-Intervenor earned an FMCSA exemption for a two-year renewable term. FMCSA, "Qualification of Drivers; Exemption Applications; Hearing," https://www.federalregister.gov/documents/2019/09/06/2019-19255/qualification-of-drivers-exemption-applications-hearing (Sept. 6, 2019).

14. With the exemption, Bernabei was certified to meet the physical requirements under 49 C.F.R. § 391.41 to drive a CMV. Plaintiff-Intervenor has since been renewed in 2021 (https://www.federalregister.gov/documents/2021/10/01/2021-21445/qualification-of-drivers-exemption-applications-hearing) and 2023 (https://public-inspection.federalregister.gov/2023-22321.pdf).

15. Plaintiff-Intervenor worked for Defendant UPS as a part-time supervisor for a team of unloaders. He had worked for UPS successfully for some four years before the events of this case.

16. Plaintiff-Intervenor took several months to earn a commercial driver's license (CDL) and apply for a driving position with UPS. He passed a medical exam with the FMCSA exemption from the hearing portion of the exam, took a class on driving semi-trucks with multiple trailers (per his understanding of UPS's preferences), and was placed on a UPS waiting list to be transferred to become a driver.

17. Only after UPS human resources had Plaintiff-Intervenor's application and began reviewing it did UPS disclose to him in October 2020 that it has a policy against hiring deaf drivers for interstate trucks, and it does not accept the FMCSA exemption on CDL licenses. The policy (set forth in a memo dated October 17, 2019) provides that "UPS will not accept DOT cards that are accompanied by a hearing exemption" and applicants "must demonstrate that they

- 4 -

have satisfied the hearing and speaking requirements established in the Federal Motor Carrier Safety Regulations." Hearing-impaired and Deaf applicants may only apply for driver positions not regulated by the federal Department of Transportation (DOT).

18. Bernabei was not hired to drive a CMV. Plaintiff-Intervenor left UPS employment on December 3, 2020 and found work at another employer driving a CMV..

## CLAIMS

### COUNT I
### ADA – Failure to Hire/Promote in Violation
### of 42 U.S.C. §§ 12112(b)(1) and 12112(b)(5)(B)

19. Plaintiff-Intervenor incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

20. Plaintiff-Intervenor is a qualified individual with a disability under the ADA.

21. Plaintiff-Intervenor was able to complete the hiring process and perform the essential functions of the driver positions for which he applied with or without reasonable accommodations.

22. UPS failed to hire and/or promote Plaintiff-Intervenor into a driver position of DOT-regulated trucks (CMV) because of his disability and/or need for accommodation in violation of 42 U.S.C. § 12112(b)(1) and § 12112(b)(5)(B).

23. The effect of the practices complained of in this count has been to deprive Plaintiff-Intervenor of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

24. The unlawful employment practices complained of in this count were intentional.

25. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of Plaintiff-Intervenor.

## COUNT II
### ADA – Use of Standards, Criteria, or Methods of Administration That Have the Effect of Discrimination in Violation of 42 U.S.C. § 12112(b)(3)

26. Plaintiff-Intervenor incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

27. UPS, by choosing to disregard the FMCSA exemption program, adopted a standard, criterion, or method of administration that had the effect of discriminating against Plaintiff-Intervenor because of his disability.

28. The unlawful employment practices complained of in this count were intentional.

29. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of Plaintiff-Intervenor.

## COUNT III
### ADA – Failure to Reasonably Accommodate in Violation of 42 U.S.C. § 12112(b)(5)(A)

30. Plaintiff-Intervenor incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

31. UPS was aware of Plaintiff-Intervenor's disability and his need for accommodation.

32. UPS failed to engage in an interactive process to identify potential accommodations.

33. UPS violated 42 U.S.C. § 12112(b)(5)(A) when it failed to provide reasonable accommodations to Plaintiff-Intervenor that would have allowed him to complete the hiring process and/or perform the essential functions of driving DOT-regulated vehicles.

34. The effect of the practices complained of in this count has been to deprive Plaintiff-Intervenor of equal employment opportunities and otherwise adversely affect his status as employee because of his disability.

35. The unlawful employment practices complained of in this count were intentional.

36. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of Plaintiff-Intervenor.

## COUNT IV
### ADA – Illegal Qualification Standard in Violation of 42 U.S.C. § 12112(b)(6)

37. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

38. UPS's written policy against hiring any person with a DOT hearing exemption as a driver of a DOT-regulated vehicle screens out a class of individuals who are Deaf, such as Plaintiff-Intervenor.

39. UPS's policy provided for no individualized consideration of whether an applicant with a hearing exemption posed a health or safety threat in performing a driving job.

40. UPS's policy is an illegal qualification standard in violation of 42 U.S.C. § 12112(b)(6).

41. The effect of the employment practices complained of in this count has been to deprive Plaintiff-Intervenor of equal employment opportunities and otherwise adversely affect his status as employee because of their disabilities.

42. The unlawful employment practices complained of in this count were intentional.

43. The unlawful employment practices complained of in in this count were done with malice or with reckless indifference to the federally protected rights of Plaintiff-Intervenor.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff-Intervenor respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that UPS's policy against hiring any person with a DOT hearing exemption as a driver of a DOT-regulated vehicle violates Plaintiff-Intervenor's rights under the Americans with Disabilities Act

B. Grant a permanent injunction enjoining UPS, its officers, agents, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates against Plaintiff-Intervenor on the basis of disability.

C. Order UPS to institute and carry out policies, practices, and programs that provide equal employment opportunities for, and otherwise eradicate the effects of its past and present unlawful employment practices toward, Plaintiff-Intervenor.

D. Order UPS to make Plaintiff-Intervenor whole, by providing appropriate back pay with pre- and post-judgment interest, in amounts to be determined at trial, and any other affirmative relief appropriate to eradicating the effects of its past unlawful employment practices.

E. Order UPS to make Plaintiff-Intervenor whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the foregoing paragraphs in amounts to be determined at trial.

F. Order UPS to make Plaintiff-Intervenor whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the foregoing paragraphs including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial; or alternatively, nominal damages.

G. Order UPS to pay Plaintiff-Intervenor punitive damages for malice or reckless indifference towards Plaintiff-Intervenor's federally protected rights, as described in in the foregoing paragraphs, in amounts to be determined at trial.

H. Order UPS to make Plaintiff-Intervenor whole through instatement (with full benefits and seniority) into the position applied for with UPS.

I. Grant such further relief as the Court deems necessary and proper.

J. Award Plaintiff-Intervenor attorney's fees, costs, and expenses of this action, including expert costs.

## JURY TRIAL DEMAND

Plaintiff-Intervenor requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated: October 30, 2023

Respectfully submitted,

KURT BERNABEI

By: _____/s/ Paul W. Mollica_____
      One of His Attorneys

Paul W. Mollica (PaulM@equipforequality.org)
Jin-Ho Chung (JinHo@equipforequality.org)
EQUIP FOR EQUALITY
20 North Michigan Avenue, Suite 300
Chicago, Illinois 60602
Ph. (312) 341-0022 (direct (312) 895-7350)
*Counsel for Plaintiff-Intervenor*