IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | No. 1:23-cv-14021 |
| Plaintiff, | ) ) | |
| v. | ) ) | Honorable Edmond E. Chang |
| UNITED PARCEL SERVICE, INC. | ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) | |

**UPS'S MOTION TO DISMISS EEOC'S COMPLAINT**

Defendant United Parcel Service, Inc., an Ohio corporation ("UPS"), moves this Court to dismiss Plaintiff Equal Employment Opportunity Commission's ("EEOC") Complaint (Dkt. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6), for the reasons set forth below and in the memorandum accompanying this motion.

1. The EEOC seeks to challenge a 2019 decision by UPS that required all candidates for driving positions regulated by the U.S. Department of Transportation ("DOT") to fully satisfy all DOT medical certification requirements, including the hearing test requirement. EEOC finds fault with the fact that UPS does not accept candidates for DOT driving positions who, unable to satisfy the conventional DOT hearing requirements, were granted an exemption to this hearing test requirement as part of an experimental DOT program. EEOC's Complaint challenges the denial of DOT-regulated driving jobs based on this policy and claims that it constituted disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.

2. The Complaint, however, fails to identify even one individual with a plausible ADA claim related to the policy decision. Specifically, the Complaint fails to allege anything factual related to even one individual with a hearing exemption who was allegedly qualified for a

driving job at UPS and capable of performing the essential functions of the position, with or without reasonable accommodation.

3. This is a fatal defect for the ADA claims pled here, which each requires proof that the employee was a qualified individual with a disability at the time of the challenged decision. Stated another way, EEOC can only allege violations under the ADA on behalf of people who were qualified for the position in question and capable of performing the essential job functions of that position, with or without reasonable accommodation.

4. Having failed to plead any facts in support of this essential requirement for even one individual, the Complaint does not state a plausible claim for relief and falls well short of the minimum pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

WHEREFORE, UPS respectfully requests that EEOC's Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

    Respectfully submitted,

    UNITED PARCEL SERVICE, INC.

    By: /s/ *Gary R. Clark*
           One of Its Attorneys

Gary R. Clark, ARDC #06271092
Kristin C. Foster, ARDC # 6316814
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
(312) 715-5000
(312) 715-5155 (fax)
gary.clark@quarles.com
kristin.foster@quarles.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **Motion to Dismiss** was filed electronically on December 22, 2023 using the Court's CM/ECF system. Notice of this filing will be sent to parties of record.

*Counsel for Plaintiff*
Laurie Elkin
U.S. Equal Employment
 Opportunity Commission
Chicago District Office
230 S. Dearborn Street, Ste. 2920
Chicago, IL 60304
Lauri.elkin@eeoc.gov

*Counsel for Plaintiff-Intervenor*
Paul W. Mollica
Jin-Ho Chung
Equip for Equality
20 N. Michigan Avenue, Suite 400
Chicago, IL 60602
paulm@equipforequality.org
JinHo@equipforequality.org


          /s/*Gary R. Clark*
            Gary R. Clark