IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br> v. <br><br> UNITED PARCEL SERVICE, INC. <br><br> Defendant. <br> ====================== <br><br> KURT BERNABEI, <br><br> Plaintiff-Intervenor. | No. 23 CV 14021 <br><br> Judge Edmond Chang |

**ANSWER AND AFFIRMATIVE DEFENSES
TO INTERVENOR-PLAINTIFF KURT BERNABEI'S COMPLAINT**

Defendant United Parcel Service, Inc., an Ohio corporation ("UPS"), submits its Answer and Affirmative Defenses to the Complaint filed on behalf of Intervenor-Plaintiff Kurt Bernabei ("Plaintiff" or "Bernabei") as follows:

1. This complaint is filed to intervene Bernabei as a plaintiff in the action commenced by the Equal Employment Opportunity Commission (EEOC) against United Parcel Service (IPS) alleging unlawful employment practices in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (*EEOC v. UPS*, 1:23-cv-14021 (N.D. Ill., filed 09/22/23)). As a person aggrieved, Bernabei has an unconditional right to intervene. 42 U.S.C. § 12117(a) (adopting by reference 42 U.S.C. § 2000e-5(f)(1); Fed. R. Civ. P. 24(a).

**ANSWER:** UPS admits that Bernabei was granted leave by the Court to file this Intervenor Complaint but denies that he has alleged a valid cause of action under the ADA. UPS denies the remaining allegations in Paragraph 1 of the Complaint. UPS also denies that it discriminated against Bernabei in any way prohibited by law or statute.

2. Plaintiff-Intervenor Bernabei joins the EEOC's challenge to UPS's discrimination against otherwise-qualified hard of hearing and Deaf candidates who want to work as interstate commercial motor vehicle (CMV) drivers. Despite their earning federal exemptions from U.S. Department of Transportation (DOT) hearing standards through a rigorous program, UPS declares that they are unqualified to drive because of their disability. UPS is not (as it claims) opting out of an "experimental" or "pilot" program. It is dishonoring a federal regulatory framework that has determined—after notice-and-comment rulemaking—that Kurt Bernabei and hundreds of other deaf and hard of hearing drivers achieve a level of safety equivalent to, or greater than, the level that would be achieved by complying with the hearing standards. UPS is simply trying to pick and choose the rules that it wishes to follow.

**ANSWER:** UPS admits that Bernabei was granted leave by the Court to file this Intervenor Complaint but denies that he has alleged a valid cause of action under the ADA. UPS denies the remaining allegations in Paragraph 2 of the Complaint. UPS also denies that it discriminated against Bernabei or any deaf or hard-of-hearing individual in any way prohibited by law or statute.

## JURISDICTION AND VENUE

3. Jurisdiction is invoked under 28 U.S.C. § 1331, 1337(a), 1343, and 42 U.S.C. § 12117(a) (adopting by reference 42 U.S.C. § 2000e-5(f)(3)). This action is brought pursuant to the ADA and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**ANSWER**: UPS admits that the Complaint purports to allege a violation under the ADA and that this Court has subject matter jurisdiction over said claim. UPS denies that the Complaint alleges a valid cause of action under the ADA and denies any remaining allegations in Paragraph 3 of the Complaint.

4. Venue is in this Court because this is the judicial district in which the unlawful employment practice is alleged to have been committed, the employment records relevant to such practice are maintained and administered, and the aggrieved person would have worked but for the alleged unlawful employment practice, 42 U.S.C. § 12117(a) (adopting by reference 42 U.S.C. § 2000e-5(f)(3)).

**ANSWER**: UPS admits that this Court is the proper venue for the ADA claim pled in the Complaint but denies that any unlawful employment practice has occurred and denies the remaining allegations in Paragraph 4 of the Complaint.

## PARTIES

5. Plaintiff-Intervenor was an employee of UPS. 42 U.S.C. § 12111(4). He is Deaf and thus has a physical or mental impairment that substantially limits one or more major life activities of such individual, i.e., hearing. *Id*. §§ 12102(1), (2)(a). He is an otherwise qualified individual with a disability who is an applicant or employee of Defendant UPS. *Id*. § 12111(8).

**ANSWER:** UPS admits that it employed Bernabei at its facility in Addison, Illinois. UPS is without knowledge or information sufficient to form a belief as to the truth of any allegations related to Bernabei's alleged physical impairment and its impact on his major life activities and, thus denies said allegations. UPS denies that Bernabei was a qualified individual with a disability with regard to any UPS driving job regulated by the DOT and denies any remaining allegations in Paragraph 5 of the Complaint.

6. Plaintiff-Intervenor filed a timely charge against UPS with the EEOC on December 17, 2020. The EEOC issued a reasonable cause determination (also known as a Letter of Determination) on July 5, 2022.

**ANSWER:** UPS admits that the charge filed with the EEOC is marked as having been received on December 17, 2020 and that EEOC issued a reasonable cause determination letter on or about July 5, 2022.

7. Defendant UPS is a corporation doing business in the State of Illinois (including this judicial district) and has continuously employed 500 or more employees. It is an employer engaged in an industry affecting interstate commerce. 42 U.S.C. §§ 12111(5). It is a covered entity under the ADA. *Id*. § 12111(2).

**ANSWER:** UPS admits the allegations in Paragraph 7 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

8. DOT regulations prohibit an individual who does not pass the hearing test contained in the regulations (commonly referred to as "the whisper test") from operating certain commercial motor vehicles (CMV) in interstate commerce unless that individual receives an exemption provided by the DOT. 49 C.F.R. §§ 391.41(a)(1), (b)(11).

**ANSWER:** UPS admits that DOT FMSCA administers an experimental program involving exemptions to the DOT hearing test requirement. UPS denies the remaining allegations in Paragraph 8 of the Complaint.

9. Under a program authorized a decade ago by the Federal Motor Carrier Safety Administration (FMCSA), the agency annually grants up to forty exemptions from the hearing standard for CMV drivers found at 49 C.F.R. § 391.41(b)(11). The exemptions are authorized by statutory federal law. 49 U.S.C. §§ 31315(b); 31136(e); 78 Fed. Ref. 7479 (Feb. 1, 2013).

**ANSWER:** UPS admits that DOT FMSCA administers an experimental program involving exemptions to the DOT hearing test requirement. UPS denies the remaining allegations in Paragraph 9 of the Complaint.

10. The requirements for obtaining an exemption are demanding. To process an application, the FMCSA must evaluate the applicant's medical, driving history, and other driver information and (under 49 C.F.R. § 31315(b)) publish a Federal Register notice requesting public comment on each personal application for an exemption. The public has thirty days to comment, and the FMCSA must consider and respond to all comments received when making a final determination whether to grant or deny the exemption.

**ANSWER:** UPS admits that DOT FMSCA administers an experimental program involving exemptions to the DOT hearing test requirement and that exemptions granted are posted in the Federal Register. UPS denies the remaining allegations in Paragraph 10 of the Complaint.

11. Moreover, the exemption will be revoked if "(1) [t]he person fails to comply with the terms and conditions of the exemption; (2) the exemption has resulted in a lower level of safety than was maintained prior to being granted; or (3) continuation of the exemption would not be consistent with the goals and objectives of 49 U.S.C. [§] 31136(e) and 31315(b)." 49 U.S.C. §§ 31315(b)(4).

**ANSWER:** UPS admits that DOT FMSCA administers an experimental program involving exemptions to the DOT hearing test requirement. UPS denies the remaining allegations in Paragraph 11 of the Complaint.

12. It can cost deaf people thousands of dollars (for Bernabei, $4,000, underwritten by the Illinois Department of Rehabilitation Services) to attend the required trucking-school course, take the DMV written tests, and miss time from work to qualify for an exemption.

**ANSWER:** UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore, denies said allegations.

13. Plaintiff-Intervenor obtained a DOT medical card, which is required for him to operate commercial motor vehicles weighing 10,000 pounds or more in interstate commerce. On October 10, 2019, Plaintiff-Intervenor earned an FMCSA exemption for a two-year renewable term. FMCSA, "Qualification of Drivers; Exemption Applications; Hearing," https://www.federalregister.gov/documents/2019/09/06/2019-19255/qualification-of-driversexemption-applications-hearing (Sept. 6, 2019).

**ANSWER:** UPS admits that the Federal Register reports the granting of a hearing exemption to Bernabei for the period October 10, 2019 to October 10, 2021. UPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, thus, denies said allegations.

14. With the exemption, Bernabei was certified to meet the physical requirements under 49 C.F.R. § 391.41 to drive a CMV. Plaintiff-Intervenor has since been renewed in 2021 (https://www.federalregister.gov/documents/2021/10/01/2021-21445/qualification-of-driversexemption-applications-hearing) and 2023 (https://public-inspection.federalregister.gov/202322321.pdf).

**ANSWER:** UPS admits that the Federal Register reports a renewal of a hearing exemption for Bernabei. UPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and, thus, denies said allegations.

15. Plaintiff-Intervenor worked for Defendant UPS as a part-time supervisor for a team of unloaders. He had worked for UPS successfully for some four years before the events of this case.

**ANSWER:** UPS admits that Bernabei was hired by UPS into a non-driving bargaining unit position in February 2017 and was subsequently moved to a part-time hub supervisor position on or about June 18, 2018 before resigning his employment on or about December 8, 2020. UPS denies the remaining allegations in Paragraph 15 of the Complaint.

16. Plaintiff-Intervenor took several months to earn a commercial driver's license (CDL) and apply for a driving position with UPS. He passed a medical exam with the FMCSA exemption from the hearing portion of the exam, took a class on driving semi-trucks with multiple trailers (per his understanding of UPS's preferences), and was placed on a UPS waiting list to be transferred to become a driver.

**ANSWER:** UPS denies that Plaintiff "applied' for a driving position with UPS and was placed on a waiting list to transfer to a driving position. With regard to the remaining allegations in Paragraph 16 of the Complaint, UPS is without knowledge or information sufficient to form a belief as to the truth of these allegations and, thus, denies said allegations.

17. Only after UPS human resources had Plaintiff-Intervenor's application and began reviewing it did UPS disclose to him in October 2020 that it has a policy against hiring deaf drivers for interstate trucks, and it does not accept the FMCSA exemption on CDL licenses. The policy (set forth in a memo dated October 17, 2019) provides that "UPS will not accept DOT cards that are accompanied by a hearing exemption" and applicants "must demonstrate that they have satisfied the hearing and speaking requirements established in the Federal Motor Carrier

Safety Regulations." Hearing-impaired and Deaf applicants may only apply for driver positions not regulated by the federal Department of Transportation (DOT).

**ANSWER:** UPS admits that it had a policy in place in October 2020 that prohibited Bernabei from qualifying for a DOT-regulated driving position to the extent he was unable to pass the DOT hearing test. UPS denies that Bernabei was qualified to bid on a driver position due to his lack of union seniority. UPS denies the remaining allegations in Paragraph 17 of the Complaint.

18. Bernabei was not hired to drive a CMV. Plaintiff-Intervenor left UPS employment on December 3, 2020 and found work at another employer driving a CMV.

**ANSWER**: UPS admits that Bernabei did not work for UPS in a DOT-regulated driving position and that he voluntarily resigned his employment with UPS on or about December 8, 2020. UPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies said allegations.

**CLAIMS**
**COUNT I**
**ADA – Failure to Hire/Promote in Violation of 42 U.S.C. §§ 12112(b)(1) and 12112(b)(5)(B)**

19. Plaintiff-Intervenor incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

**ANSWER:** UPS incorporates by reference its responses to the allegations in the foregoing paragraphs of this Answer as if fully set forth herein.

20. Plaintiff-Intervenor is a qualified individual with a disability under the ADA.

**ANSWER:** UPS denies the allegation in Paragraph 20 of the Complaint.

21. Plaintiff-Intervenor was able to complete the hiring process and perform the essential functions of the driver positions for which he applied with or without reasonable accommodations.

**ANSWER:** UPS denies the allegations in Paragraph 21 of the Complaint.

22. UPS failed to hire and/or promote Plaintiff-Intervenor into a driver position of DOT-regulated trucks (CMV) because of his disability and/or need for accommodation in violation of 42 U.S.C. § 12112(b)(1) and § 12112(b)(5)(B).

**ANSWER:** UPS denies the allegations in Paragraph 22 of the Complaint.

23. The effect of the practices complained of in this count has been to deprive Plaintiff-Intervenor of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

**ANSWER:** UPS denies the allegations in Paragraph 23 of the Complaint.

24. The unlawful employment practices complained of in this count were intentional.

**ANSWER:** UPS denies the allegations in Paragraph 24 of the Complaint.

25. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of Plaintiff-Intervenor.

**ANSWER:** UPS denies the allegations in Paragraph 25 of the Complaint.

### COUNT II
### ADA-Use of Standards, Criteria, or Methods of Administration That Have the Effect of Discrimination in Violation of 42 U.S.C. § 12112(b)(3)

26. Plaintiff-Intervenor incorporates by reference the allegations in the foregoing paragraphs of the Complaint as fully set forth herein.

**ANSWER:** UPS incorporates by reference its responses to the allegations in the foregoing paragraphs of this Answer as if fully set forth herein.

27. UPS, by choosing to disregard the FMCSA exemption program, adopted a standard, criterion, or method of administration that had the effect of discriminating against Plaintiff-Intervenor because of his disability.

**ANSWER:** UPS denies the allegations in Paragraph 27 of the Complaint.

28. The unlawful employment practices complained of in this count were intentional.

**ANSWER**: UPS denies the allegations in Paragraph 28 of the Complaint.

29. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of Plaintiff-Intervenor.

**ANSWER:** UPS denies the allegations in Paragraph 29 of the Complaint.

## COUNT III
## ADA-Failure to Reasonably Accommodate in Violation of 42 U.S.C. § 12112(b)(5)(A)

30. Plaintiff-Intervenor incorporates by reference the allegations in the foregoing paragraphs of the Complaint as fully set forth herein.

**ANSWER:** UPS incorporates by reference its responses to the allegations in the foregoing paragraphs of this Answer as if fully set forth herein.

31. UPS was aware of Plaintiff-Intervenor's disability and his need for accommodation.

**ANSWER:** UPS denies the allegations in Paragraph 31 of the Complaint.

32. UPS failed to engage in an interactive process to identify potential accommodations.

**ANSWER:** UPS denies the allegations in Paragraph 32 of the Complaint.

33. UPS violated 42 U.S.C. § 12112(b)(5)(A) when it failed to provide reasonable accommodations to Plaintiff-Intervenor that would have allowed him to complete the hiring process and/or perform the essential functions of driving DOT-regulated vehicles.

**ANSWER:** UPS denies the allegations in Paragraph 33 of the Complaint.

34. The effect of the practices complained of in this count has been to deprive Plaintiff-Intervenor of equal employment opportunities and otherwise adversely affect his status as employee because of his disability.

**ANSWER:** UPS denies the allegations in Paragraph 34 of the Complaint.

35. The unlawful employment practices complained of in this count were intentional.

**ANSWER:** UPS denies the allegations in Paragraph 35 of the Complaint.

36. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of Plaintiff-Intervenor.

**ANSWER:** UPS denies the allegations in Paragraph 36 of the Complaint.

## COUNT IV
## ADA-Illegal Qualification Standard in Violation of 42 U.S.C. § 12112(b)(6)

37. Plaintiff-Intervenor incorporates by reference the allegations in the foregoing paragraphs of the Complaint as fully set forth herein.

**ANSWER**: UPS incorporates by reference its responses to the allegations in the foregoing paragraphs of this Answer as if fully set forth herein.

38. UPS's written policy against hiring any person with a DOT hearing exemption as a driver of a DOT-regulated vehicle screens out a class of individuals who are Deaf, such as Plaintiff-Intervenor.

**ANSWER:** UPS admits that Bernabei was not qualified for a DOT-regulated driving position at UPS because of UPS's policy in place in October 2020, but denies the remaining allegations in Paragraph 38 of the Complaint.

39. UPS's policy provided for no individualized consideration of whether an applicant with a hearing exemption posed a health or safety threat in performing a driving job.

**ANSWER:** UPS denies the allegations in Paragraph 39 of the Complaint.

40. UPS's policy is an illegal qualification standard in violation of 42 U.S.C. § 12112(b)(6).

**ANSWER:** UPS denies the allegations in Paragraph 40 of the Complaint.

41. The effect of the employment practices complained of in this count has been to deprive Plaintiff-Intervenor of equal employment opportunities and otherwise adversely affect his status as employee because of their disabilities.

**ANSWER:** UPS denies the allegations in Paragraph 41 of the Complaint.

42. The unlawful employment practices complained of in this count were intentional.

**ANSWER:** UPS denies the allegations in Paragraph 42 of the Complaint.

43. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of Plaintiff-Intervenor.

**ANSWER:** UPS denies the allegations in Paragraph 43 of the Complaint.

## PRAYER FOR RELIEF

Wherefore, Plaintiff-Intervenor respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that UPS's policy against hiring any person with a DOT hearing exemption as a driver of a DOT-regulated vehicle violates Plaintiff-Intervenor's rights under the Americans with Disabilities Act

B. Grant a permanent injunction enjoining UPS, its officers, agents, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates against Plaintiff-Intervenor on the basis of disability.

C. Order UPS to institute and carry out policies, practices, and programs that provide equal employment opportunities for, and otherwise eradicate the effects of its past and present unlawful employment practices toward, Plaintiff-Intervenor.

D. Order UPS to make Plaintiff-Intervenor whole, by providing appropriate back pay with pre- and post-judgment interest, in amounts to be determined at trial, and any other affirmative relief appropriate to eradicating the effects of its past unlawful employment practices.

E. Order UPS to make Plaintiff-Intervenor whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the foregoing paragraphs in amounts to be determined at trial.

F. Order UPS to make Plaintiff-Intervenor whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the foregoing paragraphs including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial; or alternatively, nominal damages.

G. Order UPS to pay Plaintiff-Intervenor punitive damages for malice or reckless indifference towards Plaintiff-Intervenor's federally protected rights, as described in the foregoing paragraphs, in amounts to be determined at trial.

H. Order UPS to make Plaintiff-Intervenor whole through instatement (with full benefits and seniority) into the position applied for with UPS.

I. Grant such further relief as the Court deems necessary and proper.

J. Award Plaintiff-Intervenor attorney's fees, costs, and expenses of this action, including expert costs.

**ANSWER**: UPS asserts that Bernabei is not entitled to any relief whatsoever and, thus, denies the allegations in the prayer for relief.

**JURY TRIAL DEMAND**

Plaintiff-Intervenor requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

**ANSWER:** UPS admits that Plaintiff requests a jury trial. Further answering, UPS denies that it discriminated against Bernabei in any way prohibited by law or statute.

## AFFIRMATIVE DEFENSES

UPS, without waiving Plaintiff's obligation to prove each and every element of his claims, states its affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff may not recover damages because he voluntarily resigned his employment with UPS and/or failed to exercise reasonable efforts to mitigate his alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was not a qualified individual with a disability entitled to protection under the Americans with Disabilities Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting any claim for punitive damages since any alleged discriminatory conduct would be contrary to UPS's anti-discrimination policies, programs, and procedures, all of which constitute good faith efforts to comply with the applicable federal laws.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover any damages or pursue any claim based on conduct outside the scope of Plaintiff's underlying EEOC charge of discrimination.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover any damages or pursue any claim based on conduct that occurred more than 300 days prior to the date Plaintiff filed his charge of discrimination.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot allege a valid ADA claim to the extent his proposed accommodations were unreasonable or imposed an undue hardship on UPS's operation of its business.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred to the extent Plaintiff constituted a direct threat to the health and safety of others in the position he sought.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555 (1999), which makes clear that UPS has the right to rely upon the DOT FMSCA's hearing test requirement and is not required to accept the experimental hearing exemption program.

**TENTH AFFIRMATIVE DEFENSE**

Any hearing exemption granted to Plaintiff is invalid because it was issued in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.

WHEREFORE, having fully answered, UPS requests that this Court dismiss Plaintiff-Intervenor Kurt Bernabei's Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

Respectfully submitted,

UNITED PARCEL SERVICE, INC.

By: */s/ Gary R. Clark*
      One of Its Attorneys

Gary R. Clark, ARDC #06271092
Kristin C. Foster, ARDC # 6316814
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL  60654
(312) 715-5000
(312) 715-5155 (fax)
gary.clark@quarles.com
kristin.foster@quarles.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing **Answer and Affirmative Defenses to Intervenor-Plaintiff Kurt Bernabei's Complaint** was filed electronically on December 22, 2023 using the Court's CM/ECF system. Notice of this filing will be sent to parties of record.

*Counsel for Plaintiff*
Laurie Elkin
U.S. Equal Employment
 Opportunity Commission
Chicago District Office
230 S. Dearborn Street, Ste. 2920
Chicago, IL 60304
Lauri.elkin@eeoc.gov

*Counsel for Plaintiff-Intervenor*
Paul W. Mollica
Jin-Ho Chung
Equip for Equality
20 N. Michigan Avenue, Suite 400
Chicago, IL 60602
paulm@equipforequality.org
JinHo@equipforequality.org

            */s/Gary R. Clark*
                Gary R. Clark

QB\86391244.3