IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | CASE NO. 1:23-cv-14021 |
| v. | ) ) ) | Hon. Edmond E. Chang |
| UNITED PARCEL SERVICE, | ) ) | |
| Defendant. | ) ) ) ) ) | |

**INITIAL STATUS REPORT**

      This case has been assigned to the calendar of Judge Edmond E. Chang. The parties are directed to meet pursuant to Federal Rule of Civil Procedure 26(f) and hold a planning conference. At least seven business days (unless otherwise ordered) before the initial status in this case, please file a **joint** initial status report containing the following information:

1. **The Nature of the Case**

    a. Identify the attorneys of record for each party, including the lead trial attorney.

        For Plaintiff EEOC: Laurie Elkin (Lead); Kelly Bunch; Elizabeth Banaszak; Justin Mulaire of EEOC

        For Plaintiff-Intervenor Kurt Bernabei: Paul W. Mollica, Jin-Ho Chung of Equip for Equality[1]

        For Defendant United Parcel Service, Inc., an Ohio corporation ("UPS"): Gary Clark of Quarles & Brady

---

[1] Plaintiff-Intervenor Bernabei joins the Plaintiff EEOC's positions set forth in this status report.

1

b.     State the basis for federal jurisdiction.

>U.S. Government Plaintiff
>28 U.S.C. §1331

c.     Describe the nature of the claims asserted in the complaint and any counterclaims.

>Plaintiff EEOC alleges that UPS has violated, and continues to violate, the Americans with Disabilities Act from 2019 to present by refusing to hire/promote qualified individuals who are Deaf or hard of hearing for certain driver positions because of their disability, failing to provide them with reasonable accommodations, and maintaining an illegal qualification standard that screens out a class of individuals with a disability.

d.     State the major legal and factual issues in the case.

>Response from Plaintiff EEOC:
>- Whether Defendant's written policy against hiring any person with a Department of Transportation hearing exemption as a driver of a DOT-regulated vehicle violates the Americans with Disabilities Act;
>
>- Whether UPS discriminated against each Aggrieved Individual, who will be identified during fact discovery, by refusing to hire/promote them because they are Deaf or hard of hearing and/or failing to provide them with a reasonable accommodation.
>
>Response from Defendant UPS:
>- Whether the individuals for whom EEOC intends to seek relief are qualified individuals with a disability within the meaning of the ADA. Specifically:
>    - Is each individual qualified for the driver position in question, including meeting all DOT requirements and having the necessary union seniority to successfully bid for such position?
>    - Is each individual able to perform the essential job functions for the position, with or without reasonable accommodation?
>- Did the individual bid on the driver position at a time when he/she had adequate union seniority to successfully bid on

      the position?
- Is UPS's policy requiring safety standards greater than the DOT's experimental hearing exemption program job related and consistent with business necessity?
- Is EEOC's claim barred by *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555 (1999), which UPS contends allows it to rely upon the DOT FMSCA's hearing test requirement and does not require it to accept the DOT FMSCA's experimental hearing exemption program.

 e. Describe the relief sought by the plaintiff (and counter-claimant).

    Plaintiff EEOC seeks injunctive relief necessary to prevent the continuation and/or recurrence of the challenged discriminatory conduct. This includes an injunction against UPS's current exclusionary policy, the adoption of a policy that complies with the ADA, training for employees on the new policy and UPS's obligations under the law with regard to applicants and employees with a disability, and instatement for each Aggrieved Individual.

    Plaintiff EEOC also seeks back pay, pecuniary damages, compensatory damages (including emotional distress), and punitive damages on behalf of each Aggrieved Individual to be identified during the course of the litigation.

2. **Pending Motions and Case Plan**

 a. **Important:** state the status of service of process on each defendant.

    Defendant UPS has executed a waiver of service from EEOC and filed a motion to dismiss EEOC's Complaint. UPS has answered Intervenor Kurt Bernabei's Complaint.

 b. Identify all pending motions.

    ECF No. 24: UPS's Motion to Dismiss EEOC's Complaint.

 c. Submit a proposal for a discovery plan, including the following information:

**Position of Defendant UPS**: One of the central points of UPS's pending motion to dismiss is that EEOC has not alleged anything factual related to the existence of even one deaf or hard-of-hearing qualified individual with a disability who was denied a DOT-regulated driving position. UPS's position is that it is an abuse of the judicial process – and contrary to the minimum pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) - to allow EEOC to move forward on a Complaint with no factual basis and use discovery as a fishing expedition to determine if there are any individuals with a viable claim. UPS's position is that the Court should set discovery dates, if necessary, after resolution of UPS's motion to dismiss and/or the filing of an amended pleading by EEOC.

In addition, it is inherently unfair and prejudicial to UPS's defense of this case to allow EEOC to conduct unilateral discovery for four (4) months with UPS unable to conduct any discovery during this same period-of-time. Specifically, EEOC's proposed discovery schedule gives EEOC the right to commence discovery on UPS immediately but gives EEOC until May 23, 2024 to identify the "aggrieved individuals" for whom it will seek relief in this case. This means that UPS cannot conduct any discovery into whether that individual is a qualified individual with a disability during this four (4) month period in which EEOC plans to conduct unlimited and unfettered discovery on UPS and require UPS to incur significant costs and fees responding to such unilateral discovery. Stated another way, UPS cannot take discovery until May 23, 2024 regarding whether any of the individuals to be identified by EEOC (i) was substantially limited in a major life activity, (ii) was qualified for the driving position in question, (iii) had the necessary union seniority to bid on the driving position in question (and did bid on the position), (iv) could perform the essential job functions for the position in question and (v) has any damages recoverable under the ADA. UPS strenuously objects to any scheduling order that only gives one party the right to conduct discovery for the first four months (and thereafter only allows UPS a few months to conduct all its discovery and get summary judgment motions on file).

**Position of Plaintiff EEOC**: EEOC proposes the discovery deadlines set forth below.

      i.    The general type of discovery needed;

        Plaintiff EEOC anticipates serving discovery regarding:
- UPS's policies and practices related to the hiring, promotion, and/or reasonable accommodation of individuals who are Deaf or hard of hearing for DOT-regulated driver positions;
- The identification of, and factual circumstances surrounding, each Aggrieved Individual who was not hired, not promoted, or did not receive a reasonable accommodation related to a driving position because they are Deaf or hard of hearing from 2019 to the

- present;
- UPS's policies regarding compensation and benefits, as needed to calculate backpay for each Aggrieved Individual.

When appropriate, Defendant UPS anticipates discovery regarding:
- Whether the individuals for whom EEOC intends to seek relief are qualified individuals with a disability within the meaning of the ADA. Specifically:
  - Is each individual qualified for the driver position in question, including meeting all DOT requirements and having the necessary union seniority to successfully bid for such position?
  - Is each individual able to perform the essential job functions for the position, with or without reasonable accommodation?
- Did the individual bid on position at a time when he/she had adequate union seniority to successfully bid on the position?
- Any damage claim asserted on behalf of said individual by EEOC.

**Plaintiff EEOC proposes the discovery schedule below. Defendant UPS maintains its objection to (i) setting a discovery schedule while its motion to dismiss is pending and (ii) setting a discovery schedule which gives EEOC the right to conduct unlimited discovery on UPS for the first four months while UPS is unable to conduct any corresponding discovery on EEOC and the aggrieved individuals it will not identify until May 23, 2024.**

    ii.    A date for Rule 26(a)(1) disclosures;

**January 19, 2024**

    iii.    A date to issue the first set of written discovery requests;

**January 26, 2024**

    iv.    A date by which Plaintiff EEOC will identify all Aggrieved Individuals for whom it seeks relief;

**May 23, 2024**

5

      v.      A fact discovery completion date;

**September 23, 2024**

      vi.      If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony); and

Expert Identification/Disclosures (all parties):

**October 23, 2024**

Rebuttal Expert Identification/Disclosures:

**December 20, 2024**

      vii.      A date for the filing of dispositive motions.

**January 24, 2025**

    d.    State whether a jury trial is requested and the probable length of trial.

Plaintiff EEOC has requested a jury trial.

The parties will have a better idea of the anticipated length of the jury trial at the close of fact discovery, at which time EEOC will have already identified its Aggrieved Individuals.

Plaintiff EEOC's best estimate at this time is that the trial will require 10 court days. Defendant UPS believes that it is not currently possible to anticipate the length of trial.

    e.    State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

The parties do agree to electronic service.

**3.    Consent to Proceed Before a Magistrate Judge**

    a.    State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment.

        The parties do not consent to proceed before a Magistrate Judge.

The Court *strongly* encourages parties to consent to the jurisdiction of the Magistrate Judge. Of course, the parties are free to withhold consent without any adverse substantive consequences.

4. **Status of Settlement Discussions**

    a. State whether any settlement discussions have occurred;

        Counsel for EEOC and UPS have had preliminary settlement discussions and plan to continue discussions going forward.

    b. Describe the status of any settlement discussions;

        See above.

    c. Whether the parties request a settlement conference.

        At this stage, the parties do not request a settlement conference.

Dated: January 4, 2024 Respectfully submitted,

FOR PLAINTIFF EEOC:FOR DEFENDANT UNITED PARCEL
SERVICE, INC. an Ohio corporation:

*Laurie S. Elkin**Gary Clark*
Justin MulaireGary Clark
Assistant Regional AttorneyQuarles & Brady LLP
Laurie Elkin300 N LaSalle St., Suite 40000
Elizabeth B. BanaszakChicago, IL 60654
Kelly BunchGary.Clark@quarles.com
Trial Attorneys(312) 715-5040
U.S. Equal Employment Opportunity
Commission, Chicago District Office
230 S. Dearborn St., Suite 2090
Chicago, IL 60604
laurie.elkin@eeoc.gov
(312) 872-9708

FOR PLAINTIFF-INTERVENOR
KURT BENABEI

*Paul W. Mollica*
Equip for Equality
20 N. Michigan Ave, Suite 300
Chicago, IL 60602
PaulM@equipforequality.org
(312) 805-7350