IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. 23-CV-14021 |
| v. | ) ) ) | Judge Edmond E. Chang |
| UNITED PARCEL SERVICE, | ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) ) ) | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

UPS has maintained a written policy for more than four years that excludes deaf and hard of hearing individuals from employment by refusing to hire otherwise qualified applicants with Department of Transportation (DOT) hearing exemptions in DOT-regulated driver positions. The EEOC alleges in this case that, pursuant to this policy, UPS has discriminated against a class of applicants with disabilities when it failed to consider and select qualified individuals who are deaf or hard of hearing and who applied for or where deterred from applying for positions as drivers of vehicles regulated by the DOT because of their disability, failed to provide them with reasonable accommodations, and maintained a qualification standard that screened out a class of individuals with disabilities. These allegations are sufficient to put UPS on notice of the claims against it and establish a plausible claim for relief. Therefore, UPS's motion to dismiss should be denied.

1

## **NATURE OF THIS ENFORCEMENT ACTION**

The EEOC brought this action to challenge UPS's undisputed nationwide policy against hiring any deaf or hard of hearing person with a DOT hearing exemption as a driver of a DOT-regulated vehicle. Rather than a collection of individual cases, this is a unitary federal government enforcement action seeking to vindicate the public interest. In addition to seeking injunctive relief, including a finding that UPS's policy is unlawful, the EEOC seeks relief for a class of qualified Aggrieved Individuals who were adversely affected by this policy. As the Supreme Court has recognized, the "EEOC is authorized to proceed in a unified action and to obtain the most satisfactory overall relief" in furtherance of the public interest and for the class of Aggrieved Individuals. *General Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 331 (1980).[1] When the EEOC files an enforcement action it does not stand in the shoes of the individual employees on whose behalf the EEOC has brought suit. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297-98 (2002). In other words, the "EEOC has independent standing to sue in its own name, and its authority to seek victim-specific remedies for private individuals is not derivative of the rights of those individuals." *EEOC v. 5042 Holdings Ltd.*, No. 3:09-CV-61, 2010 WL 148085, *1 (N.D. W.Va. Jan. 11, 2010). The EEOC's unique position in employment litigation does not excuse the agency from following the pleading requirements of Federal Rule of Civil Procedure 8, but as discussed, *infra*, it informs what the EEOC must plead on behalf of a class for whom it seeks relief.

---

[1] As the EEOC is not subject to the strictures of Fed. R. Civ. P. 23, *see id.*, this is not a "class" as the term is typically understood. As a matter of convenience, however, EEOC nonetheless uses the term to refer to the group of Aggrieved Individuals on whose behalf EEOC seeks relief.

## **BACKGROUND**

This suit was initiated based on four charges of discrimination filed with the EEOC by deaf or hard of hearing individuals who alleged that they were discriminated against by UPS in violation of the ADA. Complaint. ECF No. 1, at paragraph 7. After these four individuals filed their charges, the EEOC conducted an investigation into their claims and UPS's hearing exemption policy. Based on its investigation, EEOC determined there was reasonable cause to believe that UPS violated the ADA. ECF No. 1, at paragraph 8.

During the investigation, the EEOC did not identify all persons with DOT hearing exemptions who applied for or who were deterred from applying for positions driving UPS's DOT-regulated vehicles, but the class of Aggrieved Individuals consists of a subset of persons who held DOT hearing exemptions during the time period of UPS's policy. On information and belief, over 500 individuals have held hearing exemptions during this time period.

After efforts at voluntary conciliation failed, the EEOC brought this suit seeking relief on behalf of a clearly defined class of qualified individuals with disabilities, including three of the charging parties. The Complaint defines the class to include only persons who (1) are deaf or hard of hearing; (2) have obtained a medical card from the Department of Transportation accompanied by a DOT hearing exemption; (3) applied for or were deterred from applying for, positions with UPS driving DOT-regulated vehicles from October 2019 to the present; and (4) could have performed the essential functions of the driver positions at issue with reasonable accommodations, including, but not necessarily limited to, the use of sign language interpreters and allowing communication via writing, texts, and gestures. ECF No. 1, at paragraphs 14, 15, 17, 22, 23, and 24.

One of the charging parties, Kurt Bernabei (Charge No. 440-2021-01587), has intervened as a party in this action. In his complaint, Mr. Bernabei alleges that he is deaf, obtained a DOT hearing exemption and was certified to meet the physical requirements for driving a DOT-regulated vehicle, was placed on a UPS waiting list to become a driver, but was then told by UPS that it has a policy against hiring deaf drivers for DOT-regulated vehicles and does not accept DOT hearing exemptions. Bernabei Complaint, ECF No. 18, at paragraphs 13, 14, 17, and 18. Mr. Bernabei further alleges that he could perform the essential functions of the driver positions for which he applied, with or without reasonable accommodations. *Id.* at paragraph 21. During discovery, EEOC expects to identify individuals whose experiences were similar to Mr. Bernabei's and the other charging parties.

## **LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). This statement need only "plausibly suggest ... a right to relief, raising that possibility above a speculative level ... and give the defendant fair notice of what claim the plaintiff is making and what the basis for that claim is." *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020) (internal quotations and citations omitted). *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). The Supreme Court explicitly upheld Rule 8 and its "notice" pleading standard in the *Twombly* and *Iqbal* decisions. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403-404 (7th Cir. 2010) discussing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). And the Seventh Circuit has emphasized that "plausibility is required in order to assure that a pleading suffices to give effective notice to the opposing party, not in order to evaluate the

4

veracity of the pleaded facts or the ultimate merits of the plaintiff's claim." *Hahn v. Walsh*, 762. F.3d 617, 632 (7th Cir. 2014) (internal quotations and citations omitted).

There is no heightened pleading standard for employment discrimination cases and no requirement that a plaintiff plead all of the facts that it might eventually need to establish a prima facie case at the summary judgment phase. *See Swierkiewicz*, 534 U.S. at 515; *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). *See also Swanson*, 614 F.3d at 404-405 (discrimination plaintiff need only plead type of discrimination, by whom, and when); *Tamayo*, 526 F.3d at 1081, 1084 (affirming the "minimal pleading standard" for discrimination claims, which can be pled "quite generally"); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 781 (7th Cir. 2007). Otherwise, "requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim." *Concentra Health Services, Inc.*, 496 F.3d at 780; *Tamayo*, 526 F.3d at 1081 ("[L]itigants are entitled to discovery before being put to their proof[.]"). At the motion to dismiss phase, the court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *E.g., Word v. City of Chicago*, 946 F.3d 391, 393 (7th Cir. 2020).

While the elements of an ADA claim are somewhat different than other types of employment discrimination claims, the same standards of fair notice and plausibility governs pleadings for such claims. *See McCray*, 966 F.3d at 620 citing *Concentra Health Services, Inc.*, 496 F.3d at 776; *EEOC v. UPS, Inc.*, No. 09-cv-5291, 2010 WL 3700704, *2 (N.D. Ill. Sept. 10, 2010) citing *Swierkiewicz*, 534 U.S. at 514 and *Concentra Health Services, Inc.*, 496 F.3d at 776. UPS's brief also acknowledges that fair notice and plausibility are the touchstones of Rule 8's pleading requirements. ECF No. 25, pp. 6-7.

5

The only element of the EEOC's three claims that UPS contends EEOC failed to adequately plead is that the individuals for whom it seeks relief are qualified individuals within the meaning of the ADA. ECF No. 25, pp. 1-2. Under the ADA, a qualified individual with a disability is someone who can: (1) satisfy the requisite skill, experience, education and other job-related requirements of the employment position in question; and (2) perform the essential functions of the position, with or without an accommodation. *Kotaska v. Fed. Express Corp.,* No. 16-CV-9321, 2018 WL 3993722, at *11 (N.D. Ill. Aug. 21, 2018), aff'd, 966 F.3d 624 (7th Cir. 2020). At the pleading stage, the EEOC need only allege facts making it plausible that those for whom it seeks relief are qualified. As discussed in detail below, the EEOC has alleged sufficient facts to do just that.

## ARGUMENT

For the past four-plus years, UPS has maintained a written policy that categorically excludes deaf and hard of hearing individuals from employment in DOT-regulated driver positions. The EEOC's Complaint – with or without additional details about the charging parties whose charges underlie this lawsuit, such as those contained in the complaint of Plaintiff-Intervenor Bernabei – contains sufficient facts about the DOT hearing exemption program and UPS's exclusionary policy to state plausible violations of the ADA and put UPS on fair notice of the gravamen of the EEOC's claims and the parameters of the EEOC's class of Aggrieved Individuals. UPS uses summary judgment caselaw and inserts extensive unproven "facts" into its briefing that appear nowhere in the pleadings to assert a standard that goes well beyond what is required at the pleadings stage, before the EEOC has had the benefit of discovery.

I.      <u>The EEOC's Complaint Meets the Notice and Plausibility Standard</u>

UPS contends that the Complaint contains no facts making it plausible that qualified deaf and hard of hearing individuals were denied hire pursuant to its admitted nationwide policy which has been in effect for more than four years. Specifically, without citing any controlling legal authority, UPS argues that to state a plausible claim for relief on behalf of the class, the EEOC must set forth facts specific to at least one individual establishing they are qualified to drive a UPS DOT-regulated vehicle and are capable of performing the essential functions of the job. ECF No. 25, pp. 9-10. UPS misconstrues the pleading standard and the nature of EEOC enforcement actions, conflating what the EEOC must allege in a complaint with what it must ultimately prove to recover relief on behalf of an individual. With regard to its class claim, the EEOC need only plead facts showing that it is plausible that that class consists of qualified individuals with a disability who were denied employment based on UPS's policy. There is no question that the EEOC's Complaint meets this standard.

While not identifying an Aggrieved Individual by name, the Complaint allegations are sufficient to raise a plausible claim that the charging parties (who are identified by Charge number in the Complaint and whose identities are known by UPS) and other Aggrieved Individuals are qualified individuals who were denied employment pursuant to UPS's policy. Rather than seeking relief for an "amorphous group" as UPS contends, the EEOC's Complaint makes clear that its class consists of a well-defined group of individuals who (1) are deaf or hard of hearing; (2) have obtained a medical card from the Department of Transportation accompanied by a DOT hearing exemption; (3) applied for, or were deterred from applying for, positions with UPS driving DOT-regulated vehicles from October 2019 to the present; and (4) could have performed the essential functions of the driver positions at issue with reasonable

7

accommodations, including, but not necessarily limited to, the use of sign language interpreters and allowing communication via writing, texts, and gestures. ECF No. 1, at paragraphs 14, 15, 17, 22, 23, and 24. Rather than a hollow assertion that the Aggrieved Individuals are qualified, these specific allegations make it plausible that the Aggrieved Individuals are in fact qualified to drive UPS's DOT-regulated vehicles and to communicate effectively with customers (which UPS claims is an essential function of the driver position.). ECF No. 25, at p. 3.

In granting DOT cards with hearing exemptions to the charging parties and other Aggrieved Individuals, the Department of Transportation has found that the individuals can safely drive DOT-regulated vehicles and that they meet the physical and medical requirements for driving. Specifically, DOT grants a hearing exemption only upon an individualized finding that the driver can drive as safely as those without hearing impairments. 49 U.S.C. 31315(b)(1). Moreover, the DOT only grants DOT cards upon a finding that the driver meets the physical requirements for driving, including the communication requirements. 49 C.F.R. 391.41(11). DOT regulations provide that a person is qualified to drive a DOT-regulated vehicle if she "[c]an read and speak the English language sufficient to converse with the general public, to understand highway traffic signs and signals in the English language, to respond to official inquiries, and to make entries on reports and records." 49 C.F.R. 391.11(b)(2). In October of 2014, the DOT FMCSA issued regulatory guidance stating that the English language rule does not prohibit drivers who have obtained a hearing exemption from driving a commercial motor vehicle if they do not speak English, so long as they can read and write in English. 79 FR 59139. These facts make it plausible that the EEOC will be able to show that the persons for whom it seeks relief are qualified for the positions at issue.

In support of its argument that the EEOC has not plead sufficient facts to make it plausible that the individuals for whom it seeks relief are qualified, UPS cites only two cases. ECF No. 25, p. 9. First, UPS cites *EEOC v. Supervalu, Inc.,* 674 F. Supp. 2d 1007, 1011 (N.D. Ill. 2009), in which the court dismissed the EEOC's complaint because the EEOC simply concluded without alleging any facts that the charging party was a "otherwise qualified to perform the essential functions of the job." As demonstrated above, the allegations here go beyond a mere formulaic legal conclusion. As to the other opinion UPS cites, *EEOC v. UPS, Inc.*, No. 09-cv-5291, 2010 WL 3700704 (N.D. Ill. Sept. 10, 2010), *3, 6, the court later reversed itself as to the sufficiency of the class allegations. *EEOC v. UPS*, No. 09-cv-5291, 2013 WL 140604 (N.D. Ill. Jan. 11, 2013).

In addition to containing enough facts to make it plausible the charging parties and other Aggrieved Individuals are qualified individuals with disabilities, the Complaint allegations make it plausible that the charging parties and other Aggrieved Individuals were denied hire based on UPS's undisputed policy. As alleged in the Complaint, the EEOC specifically found after investigation that UPS refused to hire the four charging parties based on its policy. ECF No. 1, at paragraph 8. Given UPS's nationwide policy of excluding persons with DOT hearing exemptions from driver positions for a period of over four years, it is plausible that individuals, including those who filed charges, were adversely affected.

There can be no question that the EEOC's Complaint provides UPS with enough detail to give it fair notice of what the EEOC's claims are and the grounds upon which they rest. The EEOC has pled sufficient facts to make it plausible that it is entitled to not only injunctive relief, including a finding that the policy is unlawful, but also that it is entitled to relief for otherwise qualified deaf or hard of hearing applicants who were denied driver positions due to UPS's policy.

Nevertheless, without explanation or citing to Seventh Circuit authority, UPS insists that an EEOC complaint on behalf of a class must contain the identity of, and detailed facts as to, at least one individual for whom the EEOC seeks relief. Recognizing the EEOC's role as an enforcement agency that does not stand in the shoes of the individuals for whom it seeks relief but brings claims in its own capacity, courts have allowed the EEOC actions seeking relief for a class to go forward without requiring the EEOC to plead individualized facts with respect to every class member. *See, e.g., EEOC v. Rosebud*, 85 F.Supp.3d 1002, 2005-06 (N.D. Ill. 2015); *EEOC v. UPS*, No. 09-cv-5291, 2013 WL 140604, *6 (N.D. Ill. Jan. 11, 2013) (collecting cases); *EEOC v. JBS USA, LLC*, 481 F.Supp.3d 1204, 1215-16 (D. Col. 2020); *EEOC v. New Mexico Dept. of Corrections*, No. 15-879, 2017 WL 6001752, *4 (D.N.M. Dec. 4, 2017). In *Rosebud*, a class race hiring case, the court held that the EEOC's "allegations of intentional discrimination are sufficient to state a claim for Title VII relief in the [sic] even in the absence of the identification of an individual job applicant who was rejected because of race." 85 F.Supp.3d at 1006. Likewise, in *UPS*, a class ADA case, the court held that the "EEOC must merely 'plead . . . factual content that allows the court to draw the reasonable inference' that UPS violated the ADA as to the unidentified individuals." 2013 WL 140604 at *6, *quoting Iqbal*, 556 U.S. at 678.

Consistent with the weight of authority, UPS seemingly concedes that the EEOC does not have to identify or plead specific facts for all potential Aggrieved Individuals in its Complaint. But UPS does not explain why including the name and other facts about one individual would push the EEOC's claim over the plausibility threshold that it contends the current complaint fails to satisfy. Should UPS genuinely believe it needs such additional information, it need look no further than the Complaint of Plaintiff-Intervenor, Kurt Bernabei for an example of specific facts of an Aggrieved Individual in the EEOC's Complaint. ECF No. 18. UPS may also look to

10

charging party Tiffany Davis's charge of discrimination (Charge No. 511-20211-01638, referenced in the Complaint at paragraph 7).[2] Ms. Davis alleged in her charge that she had a DOT card and hearing exemption and applied for a driver position, but UPS handed her its written policy on hearing exemptions and declined to consider her for the position. *See* Davis Charge of Discrimination, attached as Exhibit A.

II. UPS Seeks to Require the EEOC to Meet an Elevated Standard that is Inappropriate at the Pleading Stage

    a. **UPS's Motion Asserts the Wrong Standard**

In its motion, UPS attempts to apply a heightened pleading standard to the EEOC's Complaint that is not supported by the law. UPS argues that the EEOC's Complaint does not demonstrate that its Aggrieved Individuals would have met every hiring qualification for the relevant driver jobs. *See* ECF No. 25, pp. 9-11. For example, UPS argues that EEOC has not pled facts establishing that its Aggrieved Individuals would have had sufficient union seniority to bid for a specific available driver position. *Id*. at 9. In effect, UPS is arguing that the EEOC's Complaint alone is not sufficient to survive a motion for summary judgment. This is evident from the fact that the majority of cases cited by UPS are summary judgment cases. *See, e.g.*, ECF No. 25 at pp. 7-8 citing *Nowak v. St. Rita High Sch.*, 142 F.3d 999 (7th Cir. 1998) (affirming summary judgment), *Weigel v. Target Stores*, 122 F.3d 461 (7th Cir. 1997) (same), *Basith v.*

---

[2] In ruling on a motion to dismiss, the court can consider documents that are referred to in and critical to the complaint. *Geinosky v. City of* Chicago, 675 F.3d 743, 745 n. 1 (7th Cir. 2012) Additionally, in opposing Defendant's motion to dismiss, the EEOC may assert and rely on facts in its brief that are not included in the complaint as long as the additional allegations are consistent with the complaint. *Id.* (citations omitted). By including these additional facts, the EEOC does not intend that the Court convert Defendant's motion to a motion for summary judgment.

*Cook Cnty.*, 241 F.3d 379 (7th Cir. 2003) (same), *Bryne v. Avon Products, Inc.*, 328 F.3d 379 (7th Cir. 2003) (vacating summary judgment and remanding).

The Seventh Circuit has cautioned that reliance on summary judgment cases and application of a summary judgment standard is inappropriate at the pleadings stage, where a plaintiff is under no obligation to present evidence to prove its claims or even plead all of the facts needed to establish a prima facie case of discrimination. *Carlson v. CSX Transp., Inc*, 758 F.3d 819, 827 (7th Cir. 2014). Similarly, this court has previously rejected the premise of the instant motion, finding that that a complaint need not contain specific facts establishing all of the prima facie elements of an ADA claim so long as the facts pled are sufficient for notice and plausibility. *EEOC v. UPS, Inc.*, 2020 WL 3700704 at *2. *See also Swierkiewicz*, 534 U.S. at 512 ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."). As discussed above, the EEOC has met the relevant standards of fair notice and plausibility and the Court should reject UPS's attempt to impose an evidentiary summary judgment standard on the EEOC's pleading.

    b. **UPS's Motion Relies on Unproven Facts Not in the Record**

Additionally, UPS's motion relies extensively on "facts" that are outside the pleadings as well as being unsupported by any evidence. For example, UPS's brief describes at length its alleged collective bargaining agreements, union seniority requirements, post-hire training program, and process for evaluating probationary employees. ECF No. 25 at pp. 2-3, 5, 9-10. UPS also introduces claims about its alleged reasons for adopting its policy of disallowing hearing exemptions. *Id*. at 4, n. 4. UPS cites no evidence to support these assertions. Yet it asks

the Court to assume that UPS's factual allegations are true and use them as the basis to deny the EEOC the opportunity to engage in discovery on these same issues.

Rule 12(d) of the Federal Rules of Civil Procedure requires that if a movant presents matters outside the pleadings on a Rule 12(b)(6) motion to dismiss, such matters must be either excluded or the motion must be treated as a motion for summary judgment under Rule 56. The EEOC therefore asks that the Court disregard all such alleged facts in UPS's brief and related arguments. Alternatively, should the Court choose to treat UPS's motion as a motion for summary judgment, the EEOC asks that any ruling on the motion be stayed until the close of fact discovery so that the EEOC has a reasonable opportunity to obtain and present all of the material that would be pertinent to such a motion. Fed. R. Civ. P. 12(d); *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 316 (7th Cir. 2020) ("A district court's failure to convert a motion for judgment on the pleadings to a motion for summary judgment is not harmless if ... the parties represent that they would have submitted specific controverted material factual issues to the trial court if they had been given the opportunity.").

  c. **UPS's Complaints About Possible Future Discovery Disputes are Irrelevant and Premature**

As to UPS's argument about the EEOC's claim on behalf of deterred applicants and what UPS characterizes as a "fishing expedition" to identify such individuals, this argument is irrelevant at this stage in the litigation. UPS cites no legal authority for its position that the EEOC "should" have identified the deterred applicants before it filed suit. ECF No. 25, p. 12. Regardless of whether the EEOC had sought this information before or after filing suit, the fact remains that UPS is in possession of all the information it needs to be on fair notice of the EEOC's claims. And the burden on UPS would have been the same, regardless of whether the EEOC sought this information in its administrative investigation or in discovery.

UPS's preemptive complaints about the nature and scope of the discovery that the EEOC may undertake are speculative and premature. Nor are they relevant to whether the EEOC has placed UPS on fair notice or pled plausible claims as to such deterred applicants. Possible future discovery disputes can be better addressed in discovery, if and when they arise, through the Court's authority to limit the scope of discovery if it is convinced that there is an undue burden on UPS. These types of concerns are not a valid basis for granting UPS's motion to dismiss. *See EEOC v. UPS*, 2013 WL 140604 at *7 (denying UPS's motion to dismiss and referring its concerns about "fishing expeditions" to the magistrate judge supervising discovery).

III.     Alternatively, the EEOC Should be Allowed to Amend its Complaint

Even if the Court finds that the EEOC's Complaint does not comply with Rule 8, dismissal is not an appropriate remedy and the EEOC should be allowed to amend its complaint. Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party "may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . ." Even after a responsive pleading, Rule 15(a)(2) provides that leave to amend a complaint "shall be freely given when justice so requires." Leave to amend a complaint should be denied only if there has been undue delay, dilatory motive on the part of the plaintiff, failure to cure previous deficiencies, undue prejudice, or where the amendment would be futile. *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Here, UPS has only filed a motion to dismiss, and, if the Court deems it necessary, the EEOC can add additional facts to its Complaint to cure any Rule 8(a) defect that the Court may find.

## **CONCLUSION**

For the foregoing reasons, EEOC respectfully requests that the Court deny Defendant's Motion to Dismiss.

Dated: January 22, 2024                                Respectfully Submitted,

/s *Laurie S. Elkin*
Laurie Elkin
Elizabeth B. Banaszak
Kelly Bunch
Trial Attorneys
U.S. Equal Employment Opportunity
Commission, Chicago District Office
230 S. Dearborn St., Suite 2090
Chicago, IL 60604
laurie.elkin@eeoc.gov
(312) 872-9708