IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) UNITED PARCEL SERVICE, INC. ) ) Defendant. ) | Case No.: 1:23-cv-14021 Honorable Edmond E. Chang Magistrate Judge Gabriel A. Fuentes |

**UPS'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS EEOC'S COMPLAINT**

Plaintiff Equal Employment Opportunity Commission ("EEOC") does not dispute that it can only pursue claims on behalf of individuals who are qualified individuals with a disability under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"). Nor does it dispute that this means proving that each "aggrieved individual" for whom it seeks relief was qualified for the position in question, including satisfying any licensing and certification requirements as well as any qualification requirements in the applicable collective bargaining agreement. Nor does EEOC dispute that this requirement also involves proving that each such "aggrieved individual" could perform the essential job functions of the position in question, with or without reasonable accommodation.

Where the parties disagree is EEOC's contention that it need not plead a plausible basis for asserting these ADA claims on a national basis and can, instead, use discovery to troll through more than 500 individuals with a DOT-granted hearing exemption - ***most of whom never worked for Defendant United Parcel Service, Inc. ("UPS")*** - and add to

the case whoever it thinks might be able to satisfy this qualified individual with a disability requirement. Contrary to this suggestion, EEOC is subject to the same pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), as any other plaintiff and must plead a plausible claim for relief with regard to the class of "aggrieved individuals" it seeks to represent.

Despite this, nowhere in the Complaint are there any facts pled to suggest that even one member of this amorphous class of "aggrieved individuals" was a qualified individual with a disability at the time he/she was allegedly denied a UPS driving job. To put this into context, there is not one fact alleged to make it plausible that even one person for whom EEOC seeks relief in this lawsuit: (i) was qualified for a UPS driver position under the terms of the collective bargaining agreement, supplement or rider governing such position ("CBA"), (ii) had the requisite union seniority to bid on the position (and did bid on it), and (iii) could perform the essential functions of such job (*e.g.* driving the vehicle in a safe manner, communicating with the public, lifting packages that weigh up to 70 pounds, etc.). As the ADA only prohibits discrimination against qualified individuals with a disability, EEOC has failed to plead a plausible claim for relief for even one such "aggrieved individual," let alone the nationwide class claim it purports to pursue on behalf of both UPS employees **and people who never worked at UPS**. As such, EEOC's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

A. **EEOC is Not Exempt from the Minimum Pleading Requirements.**

EEOC contends, without any legal support, that it merely needs to give notice of the claims it intends to pursue and need not plead any facts in support of said claims due to its role as a government agency. (Plaintiff Employment Opportunity Commission's

Memorandum in Opposition to Defendant's Motion to Dismiss ("Opp.") (Dkt. No. 35) at 2). This self-serving contention is irreconcilable with multiple court decisions dismissing prior EEOC complaints which, identical to this one, failed to comply with the minimum pleading requirements.

First and foremost, the *Twombly* minimum pleading requirements apply to EEOC the same as they do to all plaintiffs in federal court litigation. *See, e.g., E.E.O.C. v. United Parcel Service, Inc.*, No. 09-cv-5291, 2010 WL 3700704, at *3, *6 (N.D. Ill. Sept. 10, 2010) (applying the *Twombly* standard to the EEOC's claims and dismissing them where the "EEOC's complaint [was] so threadbare, conclusory, and formulaic that it does not even allow the Court to reasonably infer that Momsen or proposed class members have a plausible basis for claiming to be 'otherwise qualified to perform the essential functions of the job with or without reasonable accommodation.'");[1] *EEOC v. Supervalu, Inc.*, 674 F. Supp. 2d 1007, 1011 (N.D. Ill. 2009) (dismissing EEOC ADA claim where it alleged that complainant "'was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8),'" which the court characterized as "precisely the type of conclusory formulaic assertion that was disapproved by *Twombly*."). Indeed, in *Equal Employment Opportunity Commission v. Concentra Health Serv., Inc.*, the Seventh Circuit affirmed the dismissal of an EEOC Complaint for the similar defect at issue in this case: EEOC sought to pursue a retaliation

---

[1] In its response, the EEOC mistakenly asserts that "the court later reversed itself as to the sufficiency of the class allegations" (*see* Opp. at 9) when there was no such reversal. After UPS prevailed on its motion to dismiss, the EEOC amended its complaint and was eventually allowed to proceed on an amended pleading. *See E.E.O.C. v. United Parcel Service, Inc.*, No. 09-cv-5291, Dkt. Nos. 41, 44; 57, 82. Moreover, the final amended pleading, unlike the Complaint here, pled actual facts in support of at least a few individuals for whom EEOC sought relief.

claim without pleading any facts to make it plausible that the individual had actually engaged in protected activity. *See Equal Employment Opportunity Commission v. Concentra Health Serv., Inc.*, 496 F.3d 773, 782 – 83 (7th Cir. 2007).

Nor does the authority cited by EEOC support its claim that it is exempt from the minimum pleading requirements. The EEOC cites to *Gen. Tel. Co. of the Northwest, Inc. v. E.E.O.C.*, 446 U.S. 318 (1980), in purported support its position, but this case merely stands for the proposition that the EEOC may seek class-wide relief under § 706(f)(1) without being certified as a class representative under Federal Rule of Civil Procedure 23. *Id*. at 323. Nor does *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279 (2002), support EEOC's position, as this case merely stands for the proposition that an arbitration agreement between an employer and an employee does not bar the EEOC from pursuing victim-specific judicial relief. *Id*., at 297-298.[2]

### B. EEOC Has Not Pled a Plausible Claim for Relief for Even One Individual.

EEOC's Complaint fails to allege any facts in support of its conclusion that an amorphous group of "aggrieved individuals" were each a qualified individual with a disability under the ADA. Nowhere in the Complaint is there a single fact alleged about any deaf or hard-of-hearing individual who was qualified for the driving position in question, including satisfying DOT requirements, meeting the qualification requirements under the applicable collective bargaining agreement, or supplement or local rider, and

---

[2] Contrary to EEOC's contention (*see* Opp. at 2, 10), the EEOC *does* stand in the shoes of the people for whom it seeks relief in key respects. For example, the EEOC cannot recover monetary relief for individuals who have signed a settlement agreement. *See E.E.O.C. v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1543 (9th Cir. 1987). Nor can it pursue ADA claims on an individual's behalf if that individual is not a qualified individual with a disability. *See, e.g., Supervalu*, 674 F. Supp. 2d at 1011.

QB\87219775.1

possessing the necessary union seniority to bid on the position. Nor does the Complaint allege anything factual to make it plausible that even one such "aggrieved individual" was capable of performing the essential job functions of a UPS DOT-regulated driving position, such as a package car driver, either with or without a reasonable accommodation. As such, EEOC has failed to plead a plausible claim for relief under the ADA for even one individual in this purported nationwide enforcement action.

EEOC responds by arguing that it could have pled facts if it wanted to and points to the four charges cited in its Complaint as proof of this, but never identifies these non-alleged facts in the charges or explains how they make it plausible that those individuals (or anyone else) were qualified individuals with a disability. (*See* Opp. at 10-11). Nor does EEOC cite to any legal precedent that excuses a failure to satisfy the minimum pleading requirements by asserting that the party *could* have pled facts if it wanted to.

    1.    EEOC Cannot Now Incorporate the Charges in Responding to this Motion.

Although there is a limited exception for incorporating documents "referred to in the plaintiff's complaint" and "central to" its claims, no such exception applies here, as the Seventh Circuit made clear in *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 778 (7th Cir. 2007). There, as here, the EEOC argued that the court should consider an EEOC charge when deciding a motion to dismiss because that charge had been referenced in the complaint. *See id*. The Seventh Circuit rejected that argument, noting, among other things, that the complaint referred to the charge merely to satisfy a statutory prerequisite and not for the facts contained within it. *Id*. The Seventh Circuit explained that a charge is merely a starting pointing for an EEOC investigation; the EEOC is not

bound by the charge and "adopt[s] its allegations only if it relied on the charge to form the basis of its claims." *Id*.

Identical to *Concentra*, EEOC's Complaint references the four charges for the sole purpose of alleging that it has satisfied the statutory prerequisites for filing suit, noting only: "More than thirty days prior to the institution of this lawsuit, EEOC Charge Nos. 443-2020-01654, 440-2021-01587, 511-2021-01638, and 493-2021-01647 were filed with the Commission alleging violations of Title I of the ADA by UPS." (Compl. ¶ 7). It follows that here, as in *Concentra*, the Court should decline to consider any content in the charges when deciding the motion to dismiss.

Nor can the EEOC affirmatively adopt the allegations in Intervenor Bernabei's Complaint or Ms. Davis' charge for the first time in a response brief. The EEOC attempted this approach before the Western District of Michigan, and that court, like the Seventh Circuit, rejected the EEOC's bid for several reasons, writing:

> "The Charge is not part of the complaint for several reasons. First, the Charge contains what [the complaining third party] alleged to the EEOC, not necessarily what the EEOC is alleging to the Court or to [Defendant]. … It is entirely possible that the EEOC may seek to base its claim on different impairments, different accommodations denied, or even different adverse employment actions than what [the complaining third party] initially presented to the EEOC. Second, by declining to give its own assertion of the facts forming the basis for the claim and instead relying on the factual assertions of a third party, the EEOC may be attempting to circumvent the requirements of Fed. R. Civ. P. 11(b). The EEOC, and its counsel, has to assert their own confidence in [the complaining third party's] charges."

*E.E.O.C. v. Elan Nutrition, Inc.*, No. 1:08-CV-253, 2008 WL 3539990, at *2 (W.D. Mich. Aug. 12, 2008). The EEOC must specify in its Complaint which, if any, of the allegations in the charging documents it is adopting, to put UPS on notice of the claims

against it and to fully comply with minimum pleading requirements and its Fed. R. Civ. P. 11 obligations. It cannot vaguely "adopt" the allegations in the charge by attaching it to its response brief. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (declining to consider documents submitted as part of briefing on motion to dismiss).

### 2. EEOC Has Not Identified Any Facts in these Documents that Make its Claims Plausible.

Nor has EEOC identified any facts in the Intervenor Complaint or any of the charges that make it plausible that the nationwide class of aggrieved individuals for whom EEOC seeks relief were each qualified individuals with a disability. Indeed, the Davis charge cited by EEOC merely alleges in conclusory fashion that Ms. Davis was a qualified individual with a "medical condition" and contains no facts in support of this conclusion. (*See* Opp., Ex. A (Dkt. No. 35-1) at 2).

This leaves EEOC having failed to plead a plausible claim for relief under the ADA for even one individual. There is not one fact pled about even one such "aggrieved individual" to make it plausible that he/she could qualify for the position under the terms of the applicable CBA, had the necessary DOT certification and licensing to operate the vehicle, had the necessary union seniority to bid on the position (and did bid on the position), and could perform the essential job functions of the position, with or without reasonable accommodation. *See Concentra*, 496 F.3d at 777 ("[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief by providing allegations that raise a right to relief above the speculative level.").

### C. The Intended Scope of EEOC's Action Makes this Deficiency Especially Glaring.

EEOC's failure to plead any facts in support of even one individual satisfying the requirements to be a qualified individual with a disability is especially glaring in light of the expansive, nationwide claim EEOC seeks to pursue. Specifically, one prong of EEOC's proposed nationwide class of "aggrieved individuals" consists of unknown UPS employees for whom EEOC has no idea if said individual: (i) had the necessary licensure and certifications for a UPS DOT-regulated driving position; (ii) was qualified for the position under the applicable CBA; (iii) had the necessary union seniority to bid on the position (and did bid on the position); (iv) could have successfully completed Integrad training; (v) could have successfully completed the thirty (30) day qualification period; and (vi) could perform the essential functions of the job, with or without reasonable accommodation.

Even more egregious, EEOC also wants to include a class of "aggrieved individuals" *who never worked at UPS*. Even though EEOC has not identified a single non-UPS employee for whom it has a plausible basis to contend that he/she was a qualified individual with a disability, EEOC wishes to troll through the waters of the ***"over 500 individuals" granted DOT hearing exemptions, regardless of whether that individual ever worked at UPS or ever applied for a driving job with UPS***. (*see* Opp. at 3). In other words, EEOC wants to conduct discovery on a nationwide class of individuals who never worked for UPS and for whom EEOC has no plausible basis for contending that even one of them: (i) had the necessary licensure and certifications for a UPS DOT-regulated driving position; (ii) was qualified for the position under the applicable CBA (despite not being a member of the local bargaining unit); (iii) had the

necessary union seniority to bid on the position (despite having no union seniority as non-UPS employee); (iv) could have successfully completed Integrad training; (v) could have successfully completed the thirty (30) day qualification period; and (vi) could perform the essential functions of the job, with or without reasonable accommodation.

This would be a fact-intensive, nationwide, unmitigated fishing expedition – based solely on speculation - and is the very reason that the *Twombly* minimum pleading requirements exist. *See Twombly*, 550 U.S. at 558 ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."); *Asahi Glass Co. v. Pentech Pharm., Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Justice Posner sitting by designation held, given the particularly costly and protracted discovery associated with case, "some threshold of plausibility must be crossed" before allowing the claim to go forward). Indeed, the Seventh Circuit has made clear that where, as here, a complaint potentially calls for expansive discovery, more detail is required:

> "The Court in *Bell Atlantic* wished to avoid the 'in terrorem' effect of allowing a plaintiff with a 'largely groundless claim' to force defendants into either costly discovery or an increased settlement value. Therefore, we have explained, "[i]f discovery is likely to be more than usually costly, the complaint must include as much factual detail and argument as may be required to show that the plaintiff has a plausible claim."

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (internal citations omitted).

Alleging the elements of such a claim in conclusory fashion – what EEOC has done here – falls well short of what is required to pursue a large, fact-intensive, nationwide cause of action:

> "[C]ourts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or

> implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. … [C]ourts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Indeed, "[t]he required level of factual specificity rises with the complexity of the claim." *McCauley v. City of Chi.*, 671 F.3d 611, 616-17 (7th Cir. 2011). "A more complex case will require more detail." *Byrd v. McDonald's USA, LLC*, Case No. 20 C 6447, 2021 WL 2329369, at *3 (N.D. Ill. June 8, 2011) (citing *McCauley*, 671 F.3d at 617).

EEOC's only response to this point is to suggest that anyone with a DOT-granted hearing exemption was qualified for a UPS driving job and capable of performing the essential job functions of the position, but it fails to provide any factual basis for this conclusion. (*see* Opp. at 8). **Nor does EEOC explain how such individuals – who never worked for UPS and were not members of the local bargaining unit - could have qualified for such a driving position under the terms of the CBA and had the necessary seniority to bid on such positions.**[3] EEOC also oversells the impact of having a hearing exemption granted by DOT in light of the fact that applicants for an exemption are rarely (if ever) denied. (*See, e.g.,* Waivers, Exemptions, and Pilot Programs Report to Congress Fiscal Years 2018, 2019, and 2020: A report pursuant to Section 32913 of the Moving Ahead for progress in the 21st Century Act (49 U.S.C. §31315(e)), DOT FMCSA

---

[3] EEOC contends that UPS is unfairly relying on materials outside the four corners of its Complaint and that this motion should be converted to a Fed. R. Civ. P. 56 motion after allowing EEOC discovery on its nationwide amorphous class of aggrieved individuals. (*See* Opp. at 11-13). This ignores, however, that UPS is not relying on such materials to refute individual claims. Rather, UPS is using the existence of a CBA governing the positions at issue and the impact of union seniority and training requirements to illustrate the absurdity of EEOC's Complaint – which simply alleges in conclusory fashion that everyone in this amorphous class was a qualified individual with a disability, with no factual basis to support this conclusion.

(February 2023), at 5 (reflecting that, for fiscal years 2018-20, more than 500 applications were granted *and not a single one was denied*).

The sheer scope of EEOC's intended claims demands more than a Complaint based entirely on conclusory allegations. EEOC's Complaint should be dismissed.

### D. EEOC Should Have Investigated the Existence of Qualified Individuals with a Disability Before Filing this Lawsuit.

EEOC's suggestion that the Court can address any discovery concerns *during discovery* puts the cart before the horse and ignores the reason for requiring a plausible claim for relief before allowing such a massive factual controversy to proceed into discovery:

> "The Court in *Bell Atlantic* wished to avoid the 'in terrorem' effect of allowing a plaintiff with a 'largely groundless claim' to force defendants into either costly discovery or an increased settlement value. Therefore, we have explained, "[i]f discovery is likely to be more than usually costly, the complaint must include as much factual detail and argument as may be required to show that the plaintiff has a plausible claim."

*Tamayo*, 526 F.3d at 1083 (internal citations omitted).

Threatening UPS with a nationwide fishing expedition to investigate the existence of claims amongst the "more than 500" people with DOT hearing exemptions (most of whom never worked for UPS) is precisely the reason why such minimum pleading requirements exist. If EEOC is allowed to use fact intensive, nationwide discovery to investigate the existence of claims, based on nothing more than pure speculation, UPS will be forced to engage in written discovery, medical record subpoenas, depositions and summary judgment motions for hundreds of individuals - *the vast majority of whom never worked at UPS* and lack the necessary qualifications under the applicable CBA to bid for a UPS DOT-regulated driving position. This fishing expedition would require the

parties to conduct discovery on each individual's abilities, limitations and circumstances to determine if he/she was qualified for the driving position in question, met the CBA qualification requirements to bid on the position, applied for the position, and could perform the essential job functions of the position, with or without reasonable accommodation. And then, after all the time and expense of this individual-specific discovery, UPS would have to move for summary judgment or demand a voluntary dismissal from EEOC for each such person who was clearly not a qualified individual with a disability for purposes of the ADA claim in this action. All because EEOC filed its lawsuit before investigating the existence of valid ADA claims in this nationwide amorphous group of "aggrieved individuals."

The doors of discovery should remain closed to EEOC until it can plead a plausible claim for relief consistent with minimum pleading requirements.

### E. EEOC's Half-Hearted Request to Amend Should Be Denied.

EEOC closes its response brief by asking the Court to grant it leave to file an amended complaint if the Court believes there are grounds to dismiss the Complaint. (*See* Opp. at 14). EEOC is not asking for leave to amend to remedy its deficient pleading. Nor has it attached a copy of a proposed amended complaint as part of a motion seeking leave to file it. Rather, EEOC simply asks for leave in its response brief without supplying any basis for granting its request.

Such tactics should be rejected and EEOC required to file an actual motion for leave (that attaches the proposed amended pleading) in order for the Court to entertain EEOC's request. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1008 (7th Cir. 2019) (holding the district court did not abuse discretion in denying leave to amend based on

QB\87219775.1

the plaintiffs' "single-sentence request included within a responsive brief" because such a request did not amount to a motion for leave to amend); *Levan Galleries LLC v. City of Chicago*, 790 F. App'x 834, 836 (7th Cir. 2020) (citing *Chaidez*, 937 F.3d at 1008) (affirming the district court's refusal to grant leave to amend where the plaintiffs did not file an independent motion to amend, but rather a brief statement as part of their opposition to the defendants' motion to dismiss).

## CONCLUSION

For the reasons set forth above, as well as in UPS's memorandum in support of its motion, EEOC's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

                Respectfully submitted,

                UNITED PARCEL SERVICE, INC.

                By:   s/ Gary R. Clark
                         One of Its Attorneys

Gary R. Clark (ARDC #6271092)
Quarles & Brady LLP
300 N. LaSalle St., Ste. 4000
Chicago, IL 60654
(312) 715-5000
(312) 715-5155 (fax)
Gary.Clark@Quarles.com

QB\87219775.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on February 5, 2024, the foregoing **UPS'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS EEOC'S COMPLAINT** was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system at the email addresses indicated below. Parties may access this filing though the Court's system:

*Counsel for Plaintiff*
Laurie Elkin
U.S. Equal Employment
 Opportunity Commission
Chicago District Office
230 S. Dearborn Street, Ste. 2920
Chicago, IL 60304
Lauri.elkin@eeoc.gov

*Counsel for Plaintiff-Intervenor*
Paul W. Mollica
Jin-Ho Chung
Equip for Equality
20 N. Michigan Avenue, Suite 400
Chicago, IL 60602
paulm@equipforequality.org
JinHo@equipforequality.org

              s/*Gary R. Clark*
              Gary R. Clark

QB\87219775.1