IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>        Defendant.<br>======================<br><br>KURT BERNABEI,<br><br>        Plaintiff-Intervenor. | No. 23 CV 14021<br><br>Judge Edmond Chang |

## DISCOVERY JOINT PROGRESS REPORT

Plaintiff United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenor Kurt Bernabei ("Plaintiff-Intervenor" or "Bernabei) and Defendant United Parcel Service, Inc., an Ohio corporation ("UPS") hereby jointly report on the progress of discovery in this case.

I.    **Discovery Conducted Thus Far.**

All parties complied with the Court's order to serve Rule 26(a)(1) initial disclosures by February 29, 2024. All parties have likewise complied with the Court's order to serve their first set of written discovery by March 8, 2024. EEOC served a second set of written discovery on UPS on March 14, 2024.

As of this filing, EEOC has identified three individuals for whom it intends to seek relief ("aggrieved individuals") in this case: Kurt Bernabei, James Bryant and Tiffany Davis. UPS and

1

EEOC are coordinating with regard to answering written discovery as additional individuals are identified by EEOC. With regard to the individuals identified by EEOC, written discovery includes, among other things, identifying the driving position sought, UPS's response to the individual and their interaction with each other, the individual's qualifications for the position (*e.g.* licenses, DOT certification, union seniority, etc.), whether the individual applied for or bid for an available position, whether the individual can perform the essential job functions for the position, reasonable accommodation and damages, UPS's policy of refusing to hire as drivers of DOT-regulated vehicles deaf or hard of hearing individuals who have obtained a DOT hearing exemption, UPS's direct threat defense, and UPS's other defenses to the allegations in the Complaints.

**II.** **Discovery Remaining.**

It is UPS's position that discovery remaining for the three individuals and others identified by EEOC includes subpoenas for relevant records identified in interrogatory responses and depositions for the identified individuals and other witnesses. As noted above, written discovery for both EEOC and UPS will also take place for additional individuals identified by EEOC once they are formally identified by EEOC as claimants for whom it seeks relief in this case. EEOC will likely issue additional written discovery requests. EEOC will also take the depositions of UPS managers and other employees; UPS will take the depositions of the individuals identified by EEOC and other relevant witnesses. After the close of fact discovery, the parties will engage in expert discovery.

**III.** **Identifying Additional Claimants.**

The current deadline for EEOC to identify all of the individuals for whom it seeks relief is May 23, 2024.

### A. EEOC's Statement

EEOC is on track for identifying all aggrieved individuals by the May 23, 2024 deadline set by the Court. EEOC will identify the aggrieved individuals on a rolling basis between now and May 23, 2024. Consistent with the claims and allegations in EEOC's Complaint, the aggrieved individuals will consist of deaf or hard of hearing persons with DOT hearing exemptions who (1) applied for driver positions with UPS and (2) those who were deterred from applying by UPS's policy of refusing to hire individuals who have obtained a DOT hearing exemption. UPS has served discovery requests regarding EEOC's communications with potential aggrieved individuals. EEOC will produce any non-privileged responsive documents within the time frame set by the Federal Rules of Civil Procedure.

### B. UPS's Statement

After EEOC refused to answer any questions or disclose any details regarding its process for identifying claimants or the scope of the individuals it is looking at, UPS learned this week (via its own research) that EEOC is not limiting its inquiry to deaf or hard of hearing UPS employees who bid upon or applied for a UPS DOT-regulated position. Rather, EEOC is currently advertising on its website for individuals who have never worked for UPS or even applied for a UPS position to contact it about joining this lawsuit. (*See* https://www.eeoc.gov/eeoc-v-united-parcel-service ). UPS's position is that this is inconsistent with the Court's February 8, 2024 Order (Dkt. #37) suggesting that discovery should proceed due to the limited number of people in a position to apply for a driving job. This also means that UPS does not know whether EEOC intends to include 10, 50, 100 or even 200 individuals who never worked for UPS *and/or never applied for a job at UPS*, since there are more than 500 individuals who have received a hearing exemption from DOT in the past five (5)

3

years. UPS contends that understanding the number of aggrieved individuals in this case and the scope of their claims is necessary to set an appropriate fact discovery deadline in this case (as discussed below).

IV. **Dates Pending in the Case.**

In rejecting UPS's objection to discovery commencing before the Court rules on the motion to dismiss, the Court adopted EEOC's proposed discovery dates. UPS's position is that it is impossible to set a discovery deadline without knowing how many individuals will be in this case as claimants for whom EEOC seeks relief. As discovery is ongoing for the three individuals identified by EEOC and will commence for others subsequently identified by EEOC, UPS believes the Court should wait until EEOC has finished identifying the individuals for whom it intends to seek relief in this case before setting a fact discovery deadline. UPS contends that waiting to set the deadline will neither delay nor prolong discovery as the parties are already engaging in written discovery for the three individuals already identified and will do so for others identified as well. UPS also contends that it would be extremely prejudicial to UPS to set a fact discovery deadline now that is applicable to people who are not even in the case as of yet and without any idea how many people EEOC will identify – especially if EEOC attempts to include individuals who neither worked for UPS and/or never applied for a UPS driving job.

V. **Pending Motions.**

The only motion currently pending is UPS's motion to dismiss the Complaint (Dkt. #24).

Dated: March 15, 2024                                            Respectfully submitted,

FOR PLAINTIFF EEOC:                                              FOR DEFENDANT UNITED PARCEL
                                                                 SERVICE, INC. an Ohio corporation:

s/Laurie Elkin (w/ permission)                                   s/Gary Clark
Justin Mulaire                                                   Gary Clark
Assistant Regional Attorney                                      Quarles & Brady LLP
Laurie S. Elkin                                                  300 N LaSalle St., Suite 4000
Elizabeth B. Banaszak                                            Chicago, IL 60654
Kelly Bunch                                                      gary.clark@quarles.com
Trial Attorneys                                                  (312) 715-5040
U.S. Equal Employment Opportunity
Commission, Chicago District Office
230 S. Dearborn St., Suite 2090
Chicago, IL 60604
laurie.elkin@eeoc.gov
(312) 872-9708

FOR PLAINTFF INTERVENOR:

s/Paul Mollica (w/permission)
Paul W. Mollica
Jin-Ho Chung
Equip For Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
paulm@equipforequality.org
jinho@equipforequality.org
(312) 341-0022 (direct (312) 895-7350)

5