**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

          Plaintiff,

    v.

UNITED PARCEL SERVICE,

        Defendant.

Case No. 23 cv 14021

Judge Sunil R. Harjani

**<u>ORDER</u>**

Defendant moves to dismiss the EEOC's Complaint and argues that the EEOC's failure to allege even one individual with a plausible ADA claim dooms its complaint.

"When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *Gen. Tel. Co.*, 446 U.S. 318, 326 (1980). The Supreme Court has indicated that Congress's purpose in establishing the EEOC's private-action enforcement power under the 1972 amendments to Title VII was to "implement the public interest as well as to bring about more effective enforcement of private rights." *Id.* However, "[t]he amendments did not transfer all private enforcement to the EEOC;" rather, "[t]he EEOC's civil suit was intended to supplement, not replace, the private action." *Id.* In an EEOC enforcement action, the EEOC "does not stand in the employee's shoes." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002). Rather, the EEOC brings a claim in its own capacity. *See In re Bemis Co.*, Inc., 279 F.3d 419, 421 (7th Cir. 2002) ("The EEOC's primary role is that of a law enforcement agency."). Multiple courts have acknowledged this concept and allowed the EEOC to plead facts generally about aggrieved individuals who form the basis for the alleged violation. *See EEOC v. Rosebud*, 85 F.Supp.3d 1002, 2005-06 (N.D. Ill. 2015); *EEOC v. UPS*, 2013 WL 140604, *6 (N.D. Ill. Jan. 11, 2013); *EEOC v. JBS USA, LLC*, 481 F.Supp.3d 1204, 1215-16 (D. Col. 2020); *EEOC v. New Mexico Dept. of Corrections*, 2017 WL 6001752, *4 (D.N.M. Dec. 4, 2017).

When recognizing these principles, it is clear that the EEOC's Complaint satisfies Federal Rule of Civil Procedure 8(a), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). More specifically, the Complaint alleges a group of aggrieved individuals who: (1) are deaf or hard of hearing; (2) have obtained a medical card from the Department of Transportation accompanied by a DOT hearing exemption; (3) applied for, or were deterred from applying for, positions with UPS driving DOT-regulated vehicles from October 2019 to the present; (4) could have performed the essential functions of the driver positions at issue with reasonable accommodations, including, but not necessarily limited to, the use of sign language interpreters and allowing communication via writing, texts, and gestures; (5) were not hired by

UPS because of their alleged disability. Compl. ¶ 14, 15, 17, 22, 23, and 24.  This is sufficient to state a plausible claim for relief.

For the reasons stated above, Defendant's motion to dismiss [24] is denied.

**SO ORDERED.**

Dated:  May 16, 2024

_____
Sunil R. Harjani
United States District Judge

2