IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>        Defendant.<br><br>=====================<br><br>KURT BERNABEI,<br><br>        Plaintiff-Intervenor. | Case No.: 1:23-cv-14021<br><br>Honorable Sunil R. Harjani<br><br>Magistrate Judge Gabriel A. Fuentes |

**UPS'S ANSWER AND AFFIRMATIVE DEFENSES TO EEOC'S COMPLAINT**

Defendant, United Parcel Service, Inc., an Ohio corporation ("UPS"), submits its Answer and Affirmative Defenses to Plaintiff Equal Employment Opportunity Commission's ("EEOC") Complaint as follows:

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to a group of aggrieved individuals who were adversely affected by such practices ("Aggrieved Individuals").

**ANSWER:** UPS admits that EEOC's Complaint purports to allege violations of the Americans with Disabilities Act ("ADA") but denies that the Complaint alleges a valid cause of action under the ADA. UPS also denies that it discriminated against any individual or violated the ADA in any way.

As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant United Parcel Services ("UPS") violated the Americans with Disabilities Act from 2019 to the present when it failed to consider and select qualified individuals who are deaf or hearing impaired and who applied for or were deterred from applying for positions as drivers of vehicles regulated by the Department of Transportation ("DOT") because of their disability, failed to provide them reasonable accommodations and maintained a qualification standard that screens out a class of individuals with a disability.

**ANSWER:** UPS admits that EEOC's Complaint purports to allege violations of the ADA but denies that the Complaint alleges a valid cause of action under the ADA. UPS also denies that it discriminated against any individual or violated the ADA in any way.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**ANSWER:** UPS admits that this Court has subject matter jurisdiction over the claims alleged in EEOC's Complaint. UPS denies that the Complaint alleges a valid cause of action under the ADA and denies any remaining allegations in Paragraph 1 of the Complaint.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division and elsewhere where UPS does business in the United States.

**ANSWER:** UPS admits that this Court is the proper venue for this lawsuit but denies that any unlawful employment practice has occurred and denies the remaining allegations in Paragraph 2 of the Complaint.

# PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

**ANSWER:** UPS admits that the EEOC is an agency of the United States of America with certain statutory obligations related to the ADA but denies that any unlawful employment practice has occurred and denies the remaining allegations in Paragraph 3 of the Complaint.

4. At all relevant times, UPS has continuously been a corporation doing business in the State of Illinois and the city of Chicago and has continuously had at least 15 employees.

**ANSWER:** UPS admits.

5. At all relevant times, UPS has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

**ANSWER:** UPS admits that it is an employer for purposes of the ADA.

6. At all relevant times, UPS has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**ANSWER:** UPS admits that it is a covered entity for purposes of the cited statutory provision.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, EEOC Charge Nos. 443-2020-01654, 440-2021-01587, 511-2021-01638, and 493-2021-01647 were filed with the Commission alleging violations of Title I of the ADA by UPS.

**ANSWER:** UPS admits that the referenced charges were filed at least thirty (30) days prior to the institution of this lawsuit but denies that any unlawful employment practice has occurred or that the charges allege valid claims under the ADA. UPS denies the remaining allegations in Paragraph 7 of the Complaint.

8. On July 5, 2022, July 11, 2022, and February 14, 2023, the Commission issued to UPS Letters of Determination on the above-referenced charges finding reasonable cause to believe that the ADA was violated.

**ANSWER:** UPS admits that the EEOC issued the referenced letters of determination but denies that the dates are correct for each determination, denies that any unlawful employment practice occurred, and denies that the charges allege valid claims under the ADA. UPS denies the remaining allegations in Paragraph 8 of the Complaint.

9. The Commission invited UPS to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

**ANSWER:** UPS admits that EEOC engaged in a conciliation phase with regard to the referenced charges but denies that EEOC has fulfilled its statutory obligation to investigate and attempt conciliation for all the claims it purports to pursue in this lawsuit. UPS denies the remaining allegations of Paragraph 9 of the Complaint.

10. The Commission engaged in communications with UPS to provide it the opportunity to remedy the discriminatory practices described in the Letters of Determination.

**ANSWER:** UPS admits that it engaged in communications with EEOC during a conciliation phase for the referenced charges but denies that EEOC has fulfilled its statutory obligation to investigate and attempt conciliation for all the claims it purports to pursue in this lawsuit. UPS also denies that any discriminatory practices occurred. UPS denies the remaining allegations of Paragraph 10 of the Complaint.

11. The Commission was unable to secure from UPS a conciliation agreement acceptable to the Commission.

**ANSWER:** UPS denies the allegations in Paragraph 11 of the Complaint.

12. On August 10, 2022, and August 18, 2023, the Commission issued to UPS Notices of Failure of Conciliation on the above-noted charges.

**ANSWER:** UPS admits that the EEOC issues the referenced notices but denies that the dates are correct for each notice and denies that EEOC has fulfilled its statutory obligation to investigate and attempt conciliation for all the claims it purports to pursue in this lawsuit. UPS denies the remaining allegations of Paragraph 12 of the Complaint.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:** UPS denies the allegations in Paragraph 13 of the Complaint.

QB\920018.02530\85858882.1

# STATEMENT OF FACTS

14. The Aggrieved Individuals all have an impairment, deafness or reduced hearing, that substantially limits the major life activities of hearing and communicating.

**ANSWER:** UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint for every Aggrieved Individual identified by EEOC and, thus, denies said allegations.

15. The Aggrieved Individuals all obtained a DOT medical card, which is required in order for them to operate commercial motor vehicles weighing 10,000 pounds or more in interstate commerce.

**ANSWER:** UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint for every Aggrieved Individual identified by EEOC and, thus, denies said allegations.

16. DOT regulations prohibit an individual who does not pass the hearing test contained in the regulations (commonly referred to as "the whisper test") from operating certain commercial motor vehicles in interstate commerce unless that individual receives an exemption provided by the DOT. 39 C.F.R. §§ 391.41(a)(1), 391.41(b)(11).

**ANSWER:** UPS admits that DOT FMSCA administers an experimental program involving exemptions to the DOT hearing test requirement. UPS denies the remaining allegations in Paragraph 16 of the Complaint.

17. The Aggrieved Individuals all obtained from the DOT Federal Motor Carrier Safety Administration ("FMCSA") an exemption from the whisper test for the operation of certain commercial motor vehicles ("hearing exemption"). A DOT medical card accompanied by a hearing exemption physically qualifies an individual to drive DOT-regulated motor vehicles according to the DOT.

**ANSWER:** UPS is without knowledge or information sufficient to form a belief as to the truth of the allegation that every Aggrieved Individual had a hearing exemption from the FMSCA at the relevant time for the claims in this lawsuit and, thus, denies said allegation. UPS also denies the remaining allegations in Paragraph 17 of the Complaint.

18. DOT grants exemptions to the hearing requirements contained in the regulations to persons for whom it makes an individualized determination that the individual can safely operate a commercial motor vehicle.

**ANSWER:** UPS admits that DOT FMSCA administers an experimental program involving exemptions to the DOT hearing test requirement. UPS denies the remaining allegations in Paragraph 18 of the Complaint.

19. In granting a hearing exemption, DOT makes a finding in the Federal Register that an individual will maintain a level of safety equivalent to, or greater than, the level achieved by persons not needing an exemption.

**ANSWER:** UPS admits that DOT FMSCA administers an experimental program involving exemptions to the DOT hearing test requirement and that exemptions granted are posted in the Federal Register. UPS denies the remaining allegations in Paragraph 19 of the Complaint.

20. Before granting a hearing exemption, DOT prepares a Federal Register notice requesting public comment on the application for exemption.

**ANSWER:** UPS admits that DOT FMSCA administers an experimental program involving exemptions to the DOT hearing test requirement and that exemptions granted are posted in the Federal Register. UPS denies the remaining allegations in Paragraph 20 of the Complaint.

21. Since October 2019, UPS has maintained a written policy against hiring any person with a DOT hearing exemption as a driver of a DOT-regulated vehicle.

**ANSWER:** UPS admits that it had a written policy in place, beginning in October 2019, requiring candidates for DOT-regulated driving positions to satisfy the requirements of the DOT Medical Examiner's Certificate, including the hearing test. UPS denies any remaining allegations in Paragraph 21 of the Complaint.

22. The Aggrieved Individuals all applied for or were deterred from applying for, positions with UPS driving DOT-regulated vehicles from October 2019 to the present.

**ANSWER:** UPS denies the allegations in Paragraph 22 of the Complaint.

23. Consistent with its policy, UPS refused to consider or hire the Aggrieved Individuals who obtained DOT hearing exemptions because their disabilities prevented them from passing "the whisper test."

**ANSWER:** UPS denies that all of the Aggrieved Individuals identified by EEOC applied for or bid upon DOT-regulated positions at UPS. UPS is also without knowledge or information sufficient to form a belief as to the truth of the allegation that every Aggrieved

Individual had a hearing exemption from the FMSCA at the relevant time for the claims in this lawsuit and, thus, denies said allegation. UPS denies any remaining allegations in Paragraph 23 of the Complaint.

24. The Aggrieved Individuals could have completed the application, hiring and/or training process and performed the essential functions of the driver positions at issue with reasonable accommodations, including, but not necessarily limited to the use of sign language interpreters and allowing communication via writing, texts, and gestures.

**ANSWER:** UPS denies the allegations in Paragraph 24 of the Complaint.

## STATEMENT OF CLAIMS

### COUNT I

**ADA - Failure to Hire/Promote in Violation of 42 U.S.C. §§ 12112(b)(1) and 12112(b)(5)(B)**

25. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

**ANSWER:** UPS incorporates by reference its responses to the allegations in the foregoing paragraphs of this Answer as if fully set forth herein.

26. The Aggrieved Individuals are qualified individuals with disabilities as defined by the ADA.

**ANSWER:** UPS denies the allegations in Paragraph 26 of the Complaint.

27. The Aggrieved Individuals are able to complete the hiring process and perform the essential functions of the driver positions for which they applied with or without reasonable accommodations.

**ANSWER:** UPS denies the allegations in Paragraph 27 of the Complaint.

28. UPS failed to hire and/or promote the Aggrieved Individuals into driver positions of DOT-regulated trucks because of their disability and/or need for accommodation in violation of 42 U.S.C. § 12112(b)(1) and § 12112(b)(5)(B).

**ANSWER:** UPS denies the allegations in Paragraph 28 of the Complaint.

29. The effect of the practices complained of in this count has been to deprive Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

**ANSWER:** UPS denies the allegations in Paragraph 29 of the Complaint.

30. The unlawful employment practices complained of in this count were intentional.

**ANSWER:** UPS denies the allegations in Paragraph 30 of the Complaint.

31. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

**ANSWER:** UPS denies the allegations in Paragraph 31 of the Complaint.

## COUNT II

### ADA - Failure to Reasonably Accommodate in Violation of
### 42 U.S.C. § 12112(b)(5)(A)

32. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

**ANSWER:** UPS incorporates by reference its responses to the allegations in the foregoing paragraphs of this Answer as if fully set forth herein.

33. UPS was aware of the disabilities of the Aggrieved Individuals and their need for accommodation.

**ANSWER:** UPS admits that some of the Aggrieved Individuals represented to UPS that they had a hearing impairment but denies the allegation in Paragraph 33 of the Complaint because it is a conclusion as to every Aggrieved Individual.

34. UPS failed to engage in an interactive process to identify potential accommodations.

**ANSWER:** UPS denies the allegation in Paragraph 34 of the Complaint.

35. UPS violated 42 U.S.C. § 12112(b)(5)(A) when it failed to provide reasonable accommodations to the Aggrieved Individuals that would have allowed them to complete the hiring process and/or perform the essential functions of driving DOT-regulated vehicles.

**ANSWER:** UPS denies the allegations in Paragraph 35 of the Complaint.

36. The effect of the practices complained of in this count has been to deprive Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

**ANSWER:** UPS denies the allegations in Paragraph 36 of the Complaint.

37. The unlawful employment practices complained of in this count were intentional.

**ANSWER:** UPS denies the allegations in Paragraph 37 of the Complaint.

38. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

**ANSWER:** UPS denies the allegations in Paragraph 38 of the Complaint.

## COUNT III

### ADA - Illegal Qualification Standard in Violation of 42 U.S.C. § 12112(b)(6)

39. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

**ANSWER:** UPS incorporates by reference its responses to the allegations in the foregoing paragraphs of this Answer as if fully set forth herein.

40. UPS's written policy against hiring any person with a DOT hearing exemption as a driver of a DOT-regulated vehicle screens out a class of individuals who are deaf or hearing-impaired.

**ANSWER:** UPS denies the allegations in Paragraph 40 of the Complaint.

41. UPS's policy provided for no individualized consideration of whether an applicant with a hearing exemption posed a health or safety threat in performing a driving job.

**ANSWER:** UPS denies the allegations in Paragraph 41 of the Complaint.

42. UPS's policy is an illegal qualification standard in violation of 42 U.S.C. § 12112(b)(6).

**ANSWER:** UPS denies the allegations in Paragraph 42 of the Complaint.

43. The effect of the employment practices complained of in this count has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

**ANSWER:** UPS denies the allegations in Paragraph 43 of the Complaint.

44. The unlawful employment practices complained of in this count were intentional.

**ANSWER:** UPS denies the allegations in Paragraph 44 of the Complaint.

45. The unlawful employment practices complained of in this count were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

**ANSWER:** UPS denies the allegations in Paragraph 45 of the Complaint.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that UPS's policy against hiring any person with a DOT hearing exemption as a driver of a DOT-regulated vehicle violates 42 U.S.C. § 12112(b)(6).

B. Grant a permanent injunction enjoining UPS, its officers, agents, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

C. Order UPS to institute and carry out policies, practices, and programs, which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order UPS to make the Aggrieved Individuals whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order UPS to make the Aggrieved Individuals whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the foregoing paragraphs in amounts to be determined at trial.

F. Order UPS to make the Aggrieved Individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the foregoing paragraphs including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order UPS to pay the Aggrieved Individuals punitive damages for its malicious and reckless conduct, as described in in the foregoing paragraphs, in amounts to be determined at trial.

H. Order UPS to make the Aggrieved Individuals whole through instatement (with full benefits and seniority) into the positions they applied for or were deterred from applying for with UPS.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

**ANSWER:** UPS asserts that neither EEOC nor the Aggrieved Individuals identified by EEOC are entitled to any relief and, thus, denies the allegations in the prayer for relief.

## AFFIRMATIVE DEFENSES

UPS, without waiving EEOC's obligation to prove each and every element of its claims, states its affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

EEOC may not recover damages for all of the Aggrieved Individuals because some: (i) voluntarily resigned their employment with UPS; (ii) failed to exercise reasonable efforts to mitigate their alleged damages; (iii) never requested a reasonable accommodation; and/or (iv) never applied for a UPS DOT-regulated position or bid upon such position.

### THIRD AFFIRMATIVE DEFENSE

The Aggrieved Individuals were not qualified individuals with a disability entitled to protection under the Americans with Disabilities Act.

### FOURTH AFFIRMATIVE DEFENSE

EEOC is barred from asserting any claim for punitive damages on behalf of the Aggrieved Individuals or otherwise since any alleged discriminatory conduct would be contrary

QB\920018.02530\85858882.1

to UPS's anti-discrimination policies, programs, and procedures, all of which constitute good faith efforts to comply with the applicable federal laws.

### FIFTH AFFIRMATIVE DEFENSE

EEOC may not recover any damages or pursue any claim based on conduct outside the scope of EEOC's investigation and attempts at conciliation.

### SIXTH AFFIRMATIVE DEFENSE

EEOC may not recover any damages or pursue any claim based on conduct that occurred more than 300 days prior to the date of the relevant charges of discrimination.

### SEVENTH AFFIRMATIVE DEFENSE

EEOC cannot allege a valid ADA claim to the extent the proposed accommodations for the Aggrieved Individuals were unreasonable or imposed an undue hardship on UPS's operation of its business.

### EIGHTH AFFIRMATIVE DEFENSE

EEOC's claims are barred to the extent some or all of the Aggrieved Individuals constituted a direct threat to the health and safety of themselves or others in the position sought.

### NINTH AFFIRMATIVE DEFENSE

EEOC's claims are barred by *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555 (1999), which makes clear that UPS has the right to rely upon the DOT FMSCA's hearing test requirement and is not required to accept the experimental hearing exemption program.

### TENTH AFFIRMATIVE DEFENSE

Any hearing exemption granted to any of the Aggrieved Individuals is invalid because it was issued in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.

WHEREFORE, having fully answered, UPS requests that this Court dismiss Plaintiff EEOC's Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

Dated: May 30, 2024

Respectfully submitted,

UNITED PARCEL SERVICE, INC.

By: *s/ Gary R. Clark*
One of Its Attorneys

Gary R. Clark (ARDC #6271092)
Quarles & Brady LLP
300 N. LaSalle St., Ste. 4000
Chicago, IL 60654
(312) 715-5000
(312) 715-5155 (fax)
gary.clark@quarles.com

Kristin C. Foster (ARDC #6316814)
Quarles & Brady LLP
411 E. Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
(414) 277-5000
kristin.foster@quarles.com

QB\920018.02530\85858882.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2024, a copy of the foregoing UPS's Answer and Affirmative Defenses to EEOC's Complaint was electronically filed with the Court and electronically served via the ECF system on the following counsel:

| | |
|---|---|
| Laurie Elkin<br>U.S. Equal Employment Opportunity<br>  Commission, Chicago District Office<br>230 S. Dearborn Street, Ste. 2920<br>Chicago, IL 60304 | Paul W. Mollica<br>Jin-Ho Chung<br>Equip for Equality<br>20 N. Michigan Avenue, Suite 400<br>Chicago, IL 60602 |

*/s/ Gary R. Clark*