IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 23 CV 14021 |
| v. | ) ) | Judge Sunil R. Harjani |
| UNITED PARCEL SERVICE, INC. | ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) | |
| ===================== | ) ) | |
| KURT BERNABEI, | ) ) | |
| Plaintiff-Intervenor. | ) ) | |

## DISCOVERY JOINT PROGRESS REPORT

Plaintiff United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenor Kurt Bernabei ("Plaintiff-Intervenor" or "Bernabei") and Defendant United Parcel Service, Inc., an Ohio corporation ("UPS") hereby jointly report on the progress of discovery and settlement status in this case.

**I.      Discovery Conducted Thus Far.**

All parties have served and responded to an initial round of written discovery. All parties have begun producing documents and will continue to do so on a rolling basis. All parties have served deficiency letters on the opposing parties and are currently in the process of meeting and conferring regarding the discovery disputes. There are currently no discovery disputes that are ripe for court resolution. The Court entered the parties' protective order on May 29, 2024. ECF No. 49.

**II.     The EEOC's Additional Aggrieved Individuals.**

In compliance with the deadline in the Scheduling Order (ECF No. 37), the EEOC completed

1

its disclosure of Aggrieved Individuals on May 23, 2024. In addition to its original three Aggrieved Individuals who filed administrative charges, the EEOC has identified an additional thirty-five Aggrieved Individuals. While written discovery thus far has primarily focused on the original three Aggrieved Individuals and UPS corporate and labor materials, the EEOC and UPS have each identified categories of information and materials for the remaining Aggrieved Individuals that will be helpful for settlement discussions. If the parties are unable to resolve the case at mediation, there will be depositions needed for all 38 Aggrieved Individuals, relevant witnesses for both sides and some additional written discovery.

### III. Settlement Discussions.

The parties will soon be at a critical juncture in the case where they will need to engage in extensive deposition practice for the 38 Aggrieved Individuals and the relevant witnesses for each Aggrieved Individual, as well as UPS officials with knowledge of the challenged policy and UPS's policies and practices regarding driver training. In light of the significant cost and investment of resources associated with this next step, the parties believe that it makes sense to mediate the case prior to commencing depositions. The parties have agreed that they would like to participate in mediation with a private mediator, retired Magistrate Judge Morton Denlow, who has experience handling another mediation between the parties involving Americans with Disabilities Act issues. The parties are currently in the process of securing a mediation date. The parties understand that Judge Denlow's earliest availability may not be until October 2024.

### IV. Pending Discovery Deadlines.

The current deadline for fact discovery is September 23, 2024 (ECF No. 37), but the parties previously advised the Court in a prior joint report that this date would need to be revisited once EEOC determined the Aggrieved Individuals for whom it would seek relief in this case. With the

2

Aggrieved Individuals now identified, any future fact discovery deadline will need to account for depositions for the 38 Aggrieved Individuals and the relevant witnesses for each Aggrieved Individual. Additionally, the EEOC and Plaintiff-Intervenor will require depositions relating to UPS's adoption and implementation of its policy decision to not accept the FMSCA hearing exemption for DOT-regulated driving positions, the awareness of relevant decisionmakers of the company's legal obligations under the ADA, and modifications to its driver training program that UPS has stated it is implementing.

The parties have preliminarily identified categories of information and materials for all Aggrieved Individuals and certain UPS corporate materials that they will exchange in order to maximize the potential for successful mediation efforts in October. The parties propose to focus their discovery work during July, August, and September on those matters that will have the greatest utility for settlement discussions.

The parties respectfully request that the Court suspend the September fact discovery deadline. If mediation efforts are unsuccessful, the parties propose to submit a new proposed discovery schedule by November 1, 2024. This would permit the parties to conserve resources and focus on discovery work that has the greatest potential to facilitate settlement.

V.      **Pending Motions.**

There are no pending motions with the Court.

Dated: June 27, 2024	Respectfully submitted,

FOR PLAINTIFF EEOC:	FOR DEFENDANT UNITED PARCEL SERVICE, INC. an Ohio corporation:

*s/ Elizabeth B. Banaszak*
Justin Mulaire
Assistant Regional Attorney
Laurie S. Elkin
Elizabeth B. Banaszak
Kelly Bunch
Trial Attorneys
U.S. Equal Employment Opportunity Commission, Chicago District Office
230 S. Dearborn St., Suite 2090
Chicago, IL 60604
laurie.elkin@eeoc.gov
(312) 872-9708

*s/ Gary Clark*
Gary Clark
Quarles & Brady LLP
300 N LaSalle St., Suite 4000
Chicago, IL 60654
Gary.Clark@quarles.com
(312) 715-5040

Kristin Foster
411 East Wisconsin Ave, Suite 2400
Milwaukee, WI 53202
Kristin.Foster@quarles.com
414-277-5136

FOR PLAINTFF INTERVENOR:

*s/ Paul W. Mollica*
Paul W. Mollica
Jin-Ho Chung
Equip For Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
paulm@equipforequality.org
jinho@equipforequality.org
(312) 341-0022 (direct (312) 895-7350)