IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. 23-CV-14021 |
| v. | ) ) ) | Judge Sunil R Harjani Magistrate Judge Gabriel A Fuentes |
| UNITED PARCEL SERVICE, | ) ) | |
| Defendant. | ) ) ) | |
| ================================= | ) | |
| KURT BERNABEI, | ) ) | |
| Plaintiff-Intervenor. | ) ) ) ) | |

**JOINT STATUS REPORT ON MEDIATION AND PROPOSED DISCOVERY PLAN**

On October 8, 2024, the parties attempted to resolve this case through mediation with former Magistrate Judge Morton Denlow but were unsuccessful. As directed in Dkt. 53 by the Court, the parties provide the following report on discovery scheduling and propose the following discovery deadlines:

1. In this litigation, EEOC filed a complaint alleging that UPS had a policy, in violation of the Americans with Disabilities Act, from 2019 to present of refusing to hire/promote qualified individuals who are deaf or hard of hearing for certain driver positions because of their disability, failing to provide them with reasonable accommodations, and maintaining an illegal

1

qualification standard that screens out a class of individuals with a disability.[1] Defendant filed an answer, denying these allegations.

2. EEOC seeks relief for 33 individuals it alleges were aggrieved by this policy, including Plaintiff-Intervenor, who are deaf or hard of hearing. The parties anticipate written discovery and depositions for each of the 33 individuals. The issues for discovery for each individual include, but are not limited to, (i) whether the individual applied for, inquired about or signed a bid sheet for an available position subject to the 2019 policy; (ii) if the individual did not apply, any claim that it would have been futile to apply; (iii) whether the individual was qualified for the position in question and able to perform the essential job functions for the job; (iv) whether the 2019 policy was applied to the individual; and (v) any damages alleged by the individual.

3. With regard to depositions, at least two certified interpreters (which may include certified Deaf ASL Interpreters and/or certified hearing ASL interpreters) and/or other reasonable accommodations that will ensure effective communication in a deposition setting will be required for each deposition of each aggrieved individual. Due to the number of aggrieved individuals, the need for certified interpreters, and the number of depositions anticipated, it will take some time to schedule and coordinate availability for this number of interpreters, counsel, and aggrieved individuals. Some depositions may take multiple days to complete due to the slower pace of having an interpreter interpret every question and answer.

4. EEOC estimates taking depositions of at least one witness involved in the hiring decisions per each aggrieved individual, relevant witnesses regarding UPS's 2019 Policy of

---

[1] The Supreme Court has held that the EEOC need not seek Rule 23 certification to seek relief for a group of aggrieved individuals. *General Telephone of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 324 (1980) ("[T]he EEOC need look no further than § 706 [of Title VII] for its authority to bring suit in its own name for the purpose, among others, of securing relief for a group of aggrieved individuals."); *see also EEOC v. Waffle House*, 534 U.S. 279, 288 (2002); 42 U.S.C. § 12117 (incorporating the EEOC's powers, remedies, and procedures under § 706 of Title VII into the ADA).

refusing to accept Department of Transportation (DOT) hearing exemptions from candidates, and relevant witnesses regarding the development and operation of the new training program for deaf and hard of hearing drivers. UPS anticipates taking the deposition of each of the 33 individuals identified by EEOC and potentially another 1 – 2 witnesses for each aggrieved individual. Thus the parties estimate, conservatively, a possibility of more than 90 depositions that will need to be conducted.

5. Additionally, while the parties have exchanged some initial written discovery, in order to be prepared for most of the depositions in this case, the parties anticipate a need to complete a substantial volume of additional written discovery. For example, EEOC will seek records related to UPS's hiring decisions for the aggrieved individuals at facilities across the country, and UPS likewise will seek a significant volume of medical and other records for each of the aggrieved individuals from both the individuals and third parties. EEOC will also seek written discovery about the development and application of UPS's 2019 hiring policy, UPS's new training program for deaf and hard of hearing package car drivers, and UPS's affirmative defenses.

6. In light of the foregoing, the parties propose the following discovery deadlines:

    a) May 1, 2026, for all non-expert depositions;

    b) June 26, 2026, for expert disclosure and reports, and August 14, 2026, for rebuttal reports; and

    c) September 25, 2026, for the completion of all discovery.

7. The parties propose the deadlines of October 21, 2026, for dispositive motions, November 20, 2026, for responses, and December 14, 2026, for replies.

| | |
|---|---|
| November 1, 2024 | Respectfully submitted, |

FOR PLAINTIFF EEOC:

*s/ Elizabeth B. Banaszak*
Justin Mulaire
Assistant Regional Attorney
Laurie S. Elkin
Elizabeth B. Banaszak
Kelly Bunch
Trial Attorneys
U.S. Equal Employment Opportunity Commission, Chicago District Office
230 S. Dearborn St., Suite 2090
Chicago, IL 60604
laurie.elkin@eeoc.gov
(312) 872-9708

FOR PLAINTFF INTERVENOR:

*s/ Paul W. Mollica*
Paul W. Mollica
Jin-Ho Chung
Equip For Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
paulm@equipforequality.org
jinho@equipforequality.org
(312) 341-0022 (direct (312) 895-7350)

FOR DEFENDANT UNITED PARCEL SERVICE, INC. an Ohio corporation:

*s/ Gary Clark*
Gary Clark
Quarles & Brady LLP
300 N LaSalle St., Suite 4000
Chicago, IL 60654
Gary.Clark@quarles.com
(312) 715-5040

Kristin Foster
411 East Wisconsin Ave, Suite 2400
Milwaukee, WI 53202
Kristin.Foster@quarles.com
414-277-5136