**EXHIBIT A**

**EXHIBIT A**



**From:** LAURIE ELKIN <LAURIE.ELKIN@EEOC.GOV>
**Sent:** Thursday, March 13, 2025 9:23 AM
**To:** Clark, Gary R. <Gary.Clark@quarles.com>
**Cc:** Foster, Kristin C. <Kristin.Foster@quarles.com>; Paul Mollica <PaulM@equipforequality.org>; Jin-Ho Chung <JinHo@equipforequality.org>; ELIZABETH BANASZAK <ELIZABETH.BANASZAK@EEOC.GOV>; JEANNE SZROMBA <JEANNE.SZROMBA@EEOC.GOV>; KELLY BUNCH <KELLY.BUNCH@EEOC.GOV>; Hollis, Edward E. <Edward.Hollis@quarles.com>; Williams-Killackey, Judith A. <judi.williams@quarles.com>; Walden, William A. <William.Walden@quarles.com>; Nickels, Christopher L. <chris.nickels@quarles.com>; Phillips, Kaitlin M. <Kaitlin.Phillips@quarles.com>; Roth, Tyler J. <Tyler.Roth@quarles.com>; Hartstein, Brian A. <brian.hartstein@quarles.com>; Riede, Hans P. <Hans.Riede@quarles.com>; JUSTIN MULAIRE <JUSTIN.MULAIRE@EEOC.GOV>
**Subject:** RE: EEOC v. UPS [QBLLP-ACTIVE.FID44170398]

Hi Gary,

I write with regard to the generally applicable items in the EEOC's February 24, 2025, deficiency letter. I appreciate your responses below, but would like to schedule a Rule 37 conference as soon as possible to further discuss these issues. Please let me know your availability on Monday, Tuesday afternoon and Wednesday of next week. Specifically, I would like to discuss the following items.

- Interrogatory No. 20 advice of counsel: whether UPS has a final answer and if not to set a date by which it will have an answer.
- RFPD No. 10: UPS has not produced any documents sufficient to establish the wage scale and employment benefits for seasonal drivers, nor do you address this in your

email below.
- RFPD No. 36: Whether UPS will produce the requested data. This is not an issue that is specific to any particular aggrieved individual.
- RFPD No. 40: Whether UPS will produce CALM Committee documents pertaining to FMCSA hearing exemptions as proposed in our deficiency letter. You do not address this in your email below.
- RFPD No. 46: UPS's refusal to produce documents relating to non-claimants with an FMCSA hearing exemption who have attended Integrad training.

**During our conversation, we can also discuss the issue of your proposed subpoenas if you'd like. In an effort to compromise, we would be willing to agree to the following:**

**For former employers – We would not oppose subpoenas for** all documents relating to wages/hours/benefits and documents relating to driving, including any reports on driving records, accidents, moving violations, and assessments or performance reviews related to the individual's driving.

**For contemporaneous employers (i.e., at the time of application) who are not also current employers – We would not oppose subpoenas for** all documents relating to wages/hours/benefits, documents relating to driving, including any reports on driving records, accidents, moving violations, and assessments or performance reviews related to the individual's driving, and documents relating to terminations for cause.

**For current employers**, we object to any subpoenas, but we would agree to ask our claimants for documents and information relating to wages/hours/benefits and documents relating to driving.

We will write separately to discuss any outstanding items with respect to individual claimants

