**EXHIBIT B**

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 23 CV 14021 |
| v. | ) ) | Judge Sunil Harjani |
| UNITED PARCEL SERVICE, INC. | ) ) | |
| Defendant. | ) ) | |
| ====================== | ) ) | |
| KURT BERNABEI, | ) ) | |
| Plaintiff-Intervenor. | ) ) | |

### EEOC'S FOURTH SUPPLEMENTAL OBJECTIONS AND ANSWER TO UPS'S FIRST SET OF INTERROGATORIES

The EEOC provides these Fourth Supplemental Responses subject to and without waiving all objections stated in the EEOC's initial responses and in any supplements or amendments thereto.



**Interrogatory No. 7:** For every individual on whose behalf EEOC seeks relief in this action, state the entire factual basis for EEOC's claim the individual was a qualified individual with a disability at the time he/she bid upon, applied for or otherwise inquired about a driving job at UPS, including, but not limited to, the individual's qualifications for the driving position, whether the individual had his DOT certification (either with or without a hearing exemption), and the factual basis for any contention that the individual could perform the essential functions of the job in question.

**ANSWER:** The EEOC objects to stating the "entire factual basis" as unduly burdensome and non-proportional, and also to the form of the question as a premature contention interrogatory. Without waiving these objections, the EEOC states that Bryan had a DOT certification and FMCSA hearing exemption at the time that he bid on a driver position in 2021 and continues to hold them to present. Davis has been bidding on driver jobs since at least 2020 and has continued

to bid on posted driver positions. At points during this period, she had a DOT certification and FMCSA hearing exemption. Davis's FMCSA hearing exemption expired on or about October 8, 2023. She has been deterred from renewing her DOT certification and hearing exemption by UPS's policy of not hiring as drivers Deaf individuals with FMCSA hearing exemptions. With respect to Bernabei, the EEOC incorporates his response to Interrogatory No. 9 in UPS's First Set of Interrogatories to him. See also the non-privileged portions of the administrative investigation files of the charges underlying this litigation.

Investigation continues.

**1st Supplemental Response**

James Bryan obtained a DOT card in 2021 and FMCSA hearing exemptions in 2020 and 2022. He has been deterred from renewing his DOT certification and FMCSA hearing exemption by UPS's policy of not hiring as drivers Deaf individuals with FMCSA hearing exemptions.

Tiffany Davis obtained a DOT card in 2020 and FMCSA hearing exemption in 2021. She has been deterred from renewing her DOT certification and FMCSA hearing exemption by UPS's policy of not hiring as drivers Deaf individuals with FMCSA hearing exemptions.

Shawn Carico obtained DOT cards in 2019, 2021, and 2022 and FMSCA hearing exemptions in 2019 and 2021. Since that time, he has been deterred from renewing his DOT certification and FMCSA hearing exemption by UPS's policy of not hiring as drivers Deaf individuals with FMCSA hearing exemptions.

Andrew Cho had a DOT card and FMCSA hearing exemption at the time he expressed an interest in a driver position with UPS in 2021. He obtained his FMCSA hearing exemption on January 22, 2021.

Timothy LaPorte obtained DOT cards and FMCSA hearing exemptions in 2015, 2019, 2021, and 2023. Additionally, he has had CDL since 2016.

As to Jonathan Ramos, the EEOC is in the process of obtaining information about the dates of his DOT medical cards he obtained and will supplement. Ramos obtained FMCSA hearing exemptions in 2018 and 2020 when he expressed an interest in a driving position with UPS in 2019.

Sergio Miramontes obtained DOT cards in 2019 and 2023. He obtained an FMCSA hearing exemption in 2019. Mr. Miramontes has worked in the past as a seasonal PVD for UPS.

See also EEOC's Responses to Interrogatories 11 and 16.

Investigation continues.

**2nd Supplemental Response**

Wayne Turner obtained a FMCSA hearing exemption and DOT medical card in 2020, his CDL in early 2021, and has maintained them since that time. Turner has held several positions driving tractor trailers and also his personal vehicle. See also Response to Interrogatory 11.

Michael Paasch has had a DOT medical card and CDL since 2004. He first obtained an FMCSA hearing exemption in 2015 or 2016. Paasch has been driving a variety of DOT-regulated vehicles for 20 years, from 2004 to present. EEOC is producing a list of driver jobs held by Paasch since 2004.

Willine Smith has had a CDL since 2006. Willine Smith had a DOT medical card and FMCSA hearing exemption at the time she was deterred/prevented from applying for a package delivery driver job with UPS in May/June 2022. She has over fifteen years of experience as a bus/motor coach driver.

Jose Ramirez has held a DOT medical card and hearing exemption at all times from October 2018 to through the present. Ramirez obtained a CDL in 2019.

Matthew Honkanen's application for a hearing exemption was granted on May 18, 2020. The Department of Transportation Federal Motor Carrier Safety Administration renewed Honkanen's hearing exemption on January 21, 2024. Honkanen held a DOT medical card at the time of both of his applications in 2023 and 2024.

Investigation continues.

### 3rd Supplemental Response

Sarah Nickell obtained her DOT medical card in October, 2022. She obtained an FMCSA hearing exemption in December 2022.

Joshua Tinley obtained his CDL license in 2018 and has FMCSA hearing exemptions from at least 2018 through the present.

Investigation continues.

### 4th Supplemental Response

James Bryan, Michael Paasch, Matthew Honkanen, and Willine Smith were each capable of performing the essential job functions for the package delivery position at UPS at the time they applied (or were deterred from applying) for the position.

Jose Ramirez and Timothy Laporte were each capable of performing the essential job functions for the feeder driver position at UPS at the time they applied (or were deterred from applying) for the position.

Wayne Turner was capable of performing the essential job functions of the various driver jobs he applied for with UPS at the time he applied for the positions.

To amend EEOC's prior response as to James Bryan, Mr. Bryan has held a DOT medical card and a FMCSA hearing exemption at all times since at least July 2021. Mr. Bryan's DOT medical cards have always required him to have a hearing exemption. Investigation continues.

- 27 -



**Interrogatory No. 11:** For every individual for whom EEOC is seeking lost wages or backpay as an element of damages in this action, describe all attempts by that individual to secure a driving job and/or other employment elsewhere, including, but not limited to, the identity (per Instruction 8(a) above) of the potential employer, address of the potential employer, person contacted, method of inquiry (*e.g.* application, resume, etc.), position sought, whether or not the individual was offered employment, if the individual was not offered employment, what reason was given, and if the individual was offered, but did not accept employment, the reason why.

**ANSWER:** Since being denied a driver job by UPS, Bryan has not sought employment elsewhere.

In the summer of 2023, Davis applied for second job as a driver with Amazon. She was offered a

position but did not accept the offer because the shift offered conflicted with her shift at UPS and UPS refused to adjust her schedule. Bryan and Davis have mitigated their damages by remaining employed with UPS. With respect to Bernabei, EEOC incorporates his response to Interrogatory No. 17 of UPS's First Set of Interrogatories to him.

Investigation continues.

**1st Supplemental Response**

Shawn Carico has held various driver positions since he was denied employment with UPS in or around 2019. This includes driving a personal vehicle and LLV as a part-time Assistant Rural Carrier for the U.S. Post Office, driving P300/375, P700, and P1000 trucks as a full-time Courier Delivery Driver for one or more contract companies delivering FedEx Ground packages, and driving a Ford Transit 350 and Dodge ProMaster 3500 as a full-time Delivery Associate and later Lead Driver for Amazon contractor Delivered Logistics. EEOC is currently gathering additional responsive information and will supplement this response.

Andrew Cho has held various positions since February 2021. This includes being self-employed by Dragonz Properties from August 2021 to the present, working for Apple from August 2021 to the present as a Product Zone Specialist, and working as an instructor regarding crypto currency for Gather and Trade from February 2024 to the present.

Timothy LaPorte has held various driver positions since he was denied employment with UPS in or around September 2019. This includes driving for Alyne Trucking in Frankfurt, New York from approximately May 2017 to August, 2020, driving for Callahan Trucking in New York from approximately August 2020 to January 2021, then driving again for Alyne for a few months, driving for Smith Transport in Roaring Springs, PA from approximately April 2021 to July 2023, driving for Integrity Cabinet Company in Alabama from approximately August 2023 to October

2023, and driving for Lila Kate Trucking in Alabama from approximately January 2024 to the present.

At the time Ramos applied for UPS he was already working for Tyson Foods in meat packaging. After he left Tyson he worked at Timpte Inc. in David City, NE on the assembly line from January 5, 2021 through March 21, 2021. He left that for a welder position at Hog Slat, Inc. in Columbus, NE where he worked from March through June 2021. Ramos worked at Advanced Services, Inc. from July 13, 2021, through November 29, 2021. From December 13, 2021 to August 2023, he worked at Cargill. From October 2023 through the present, Mr. Ramos has worked as a welder for Smeal Fire Apparatus Co.

Investigation continues.

**2nd Supplemental Response**

Turner has held various driver and non-driver jobs since being denied employment by UPS. After he received his CDL in early 2021, he did gig work like driving for Uber and also worked at a hotel. He worked for a trucking company named Joliet from February/March 2021 until approximately December 2021 driving a tractor trailer. He worked for JB Hunt from approximately February 2022 until sometime between August and October 2022 driving a tractor trailer. He then worked at a restaurant will also doing side jobs like Uber for several months in late 2022. He went back to driving for JB Hunt for approximately six to eight months in late 2022/2023 until approximately June 2023. He drove a tractor trailer for an Amazon contractor from approximately July 2023 to November 2023. He has been driving a tractor trailer directly for Amazon from June 2024 to present. From 2018 to present, he drives for Uber whenever he is between jobs or needs extra income.

Paasch has been consistently employed since his application to UPS. EEOC is producing a list of the trucking jobs Paasch held before and after his application to UPS.

Willine Smith worked as a loader for UPS in June/July 2022 after being prevented/deterred from applying for a package delivery driver job. She then worked for Amazon fulfilling grocery orders in a warehouse for approximately two weeks in/around July/August 2022. She then worked as a bus driver for AcademyBus from August 2022 to August 2023. Smith has been unemployed since August 2023 but is actively applying for driving jobs. EEOC is producing a resume for Smith listing her driving experience before and after she sought to apply for a driver job at UPS. EEOC has also produced a signed release for Smith's IRS tax filings.

Ramirez has held various positions since being prevented from applying for the UPS truck driver position. Ramirez started working as semi-truck driver for DDH Transport in Belvidere, Illinois in approximately November, 2021. He worked for DDH until approximately July of 2022 at which time he transferred to SNL, an entity related to DDH. He is currently working as a driver for Door Dash.

Honkanen has worked as a truck driver for a porta potty company called "Big Top Tent Rental" since the time he first applied for a position at UPS in April 2023. In 2023 he also earned a small amount of income from the United States Postal Service.

Investigation continues.

3rd **Supplemental Response**

Nickell has mitigated her damages by remaining employed by UPS.

Tinley currently drives an 18-wheeler full-time, approximately 70 hours/week, for Lonestar, LLC. He has worked there since September 2024. Prior to working for Lonestar, Tinley worked for Hatch Industries driving a dump full-time, approximately 70 hours/week, from August

2023 to September 2024. Prior to working for Hatch Industries, Tinley worked for Halvor Lines driving a large truck OTR from approximately 2018 or 2019 to 2023, also full-time.

Investigation continues.

**4th Supplemental Response**

To supplement EEOC's prior response as to Jose Ramirez, Mr. Ramirez has mitigated his damages and held various positions since he attempted to and was deterred from applying for the feeder driver position at UPS in 2021. Mr. Ramirez began working for NFI as a truck driver in November 2020 and worked through there through October 2021. Mr. Ramirez started working as semi-truck driver for DDH Transport in Belvidere, Illinois in approximately November 2021. He worked for DDH until approximately July of 2022 when DDH's truck broke down. At that time, he transferred to SNL, an entity related to DDH and continued to work as a truck driver. In November of 2023 he changed jobs from SNL to Door Dash. Mr. Ramirez worked for Door Dash as a delivery driver from November 2023 through November 2024. From November 2024 as of this date, Mr. Ramirez has been unemployed.

To supplement EEOC's prior response as to Matthew Honkanen, Mr. Honkanen has mitigated his damages and remains employed at Big Top Tent Rental, Inc. (504 Wilson Ave Faribault, MN 55021; 507-334-8440) as a truck driver earning $22.50 an hour. In 2024 he worked 18 pay periods working approximately 113 hours per pay period.

To supplement EEOC's prior response as to Timothy Laporte, Mr. Laporte began working for One World Logistics of America, LLC (11590 Township Road 298, East Liberty, Ohio 43319; (937) 642-0335) as a truck driver in 2024 and remains employed there.

To supplement EEOC's prior response as to Michael Paasch, Paasch left his job at Oakley Transport in December 2024 and began a job as a tanker driver for Liquid Trucking based out of

Plattsmouth, NE (108 E Bay Rd, Plattsmouth, NE 68048; 800-755-4582). Paasch has mitigated his damages be being employed as a driver at all times since he applied for the driver position at UPS.

To Supplement EEOC's prior response as to Willine Smith, Smith has been unemployed since August 2023. Since that time, she has applied for approximately fifteen driving jobs. She received interviews for approximately five driving jobs. She has received no job offers. Ms. Smith believes that companies are hesitant to hire her once she discloses her disability and requests reasonable accommodations related to her disability. She is also currently working with a job coach and is in the process of training to become a school bus driver. The EEOC will supplement with additional information regarding Ms. Smith's job search to the extent she has such information in her possession.

To supplement EEOC's prior response as to Wayne Turner, Turner left his job with Amazon in November 2024 and began driving a tractor trailer for the U.S. Postal Service in February 2025.

Investigation continues.



- 41 -

**Interrogatory No. 16:** For every individual on whose behalf EEOC seeks relief who has driven a DOT-regulated vehicle for another employer, identify (per Instruction 8(a) above) the employer for each such individual, the job title for the individual, the dates of said employment and the job duties for the position.

**ANSWER:** Neither Bryan nor Davis have driven a DOT-regulated vehicle for another employer. With respect to Kurt Bernabei, EEOC incorporates his response to Interrogatory No. 17 of UPS's First Set of Interrogatories to him.

Investigation continues.

**1st Supplemental Response**

As to Shawn Carico, EEOC incorporates its response to Interrogatory No. 11. Carico drove DOT-regulated vehicles as a Courier Delivery Driver for one or more companies that contracted to deliver packages for FedEx Ground in or around 2019 and 2020. EEOC will supplement its response as it obtains additional information.

As to Timothy LaPorte, EEOC incorporates its response to Interrogatory No. 11. LaPorte drove DOT-regulated vehicles for Swift from approximately March 2016 to August 2016, for Western Trucking from approximately October 2016 to May 2017, for Alyne Trucking from approximately May 2017 to August 2020, for Callahan Trucking from August 2020 to January 2021, for Alyne for a few months in approximately Winter/Spring 2021, for Smith Transport from approximately April 2021 to July 2023, for Integrity Cabinet Company from approximately August 2023 to October 2023, and Lila Kate Trucking from approximately January 2024 to the present.

Jonathan Ramos has not driven a DOT regulated vehicle for another employer.

Sergio Miramontes has not driven a DOT regulated vehicle for another employer.

Investigation continues.

**Second Supplemental Response**

As to Wayne Turner, see EEOC' response to Interrogatory No. 11.

EEOC is producing a list of the trucking jobs Michael Paasch has held from 2004 to present.

EEOC is producing a resume for Willine Smith listing her driving experience from 2006 to the present.

As to Jose Ramirez, EEOC incorporates its response to Interrogatory No. 11.

As to Matthew Honkanen, EEOC incorporates its response to Interrogatory No. 11. Honkanen also drove his own personal vehicle for the United States Post Office for several years prior to his application at UPS.

Investigation continues.

**3rd Supplemental Response**

As to Joshua Tinley, EEOC incorporates its response to Interrogatory No. 11.

**4th Supplemental Response**

As to Sarah Nickell, none.

To supplement EEOC's prior response as to Michael Paasch, Paasch left his job at Oakley Transport in December 2024 and began a job as a tanker driver for Liquid Trucking based out of Plattsmouth, NE (108 E Bay Rd, Plattsmouth, NE 68048; 800-755-4582).

As to Timothy Laporte, Jose Ramirez, and Matthew Honkanen see EEOC's 4th Supplemental Response to Interrogatory No. 11.

Investigation continues.

- 48 -



Date: March 20, 2025

*s/Jeanne Szromba*
Jeanne Szromba
Trial Attorney
Chicago District Office
230 S. Dearborn St.
Suite 2920
Chicago, Illinois 60604

- 48 -